# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

Elijah J. Copeland Frazier

Gabriel Nevarez

        Petitioners,

V,

Department Of Corrections,

Washington State Penitentiary,

Walla Walla County, Steven Sundberg,

Casey Kaech, Bradley Bowman, Juan Coll,

Kevin Walker, Allen Wilson, Tanner Mink,

Robert Royse, Hunter Meyers, Justin Heath,

Christopher Alaniz, Ryann Pfaff, lesley Gilson,

Gilbert Lugo, Gary Pierce, Tim Thrasher,

Jon Doe 1, Jon Doe 2, Jon Doe 3,

Tom Scribner, Maryann Curl

        Respondents,

4:22-cv-05039-MKD

42 U.S.C § 1983

8th Amendment cruel and unusual punishment, 5th Amendment double jeopardy

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 0 3 2022

SEAN F. McAVOY, CLERK
      DEPUTY
SPOKANE, WASHINGTON

## Count 1

1.1- 8th Amendment violation under cruel and unusual punishment by: Department of Corrections, Washington State Penitentiary, Walla Walla County, Bradley Bowman, Allen Wilson, Steven Sundberg, Kevin Walker, Juan Coll, lesley Gillson, Justin Heath, Gilbert Lugo, Jon Doe 1, Jon Doe 2, Tom Scribner, Maryann Curl

1.2- I am an African American male incarcerated within the confines of the Washington State Penitentiary (WSP) Department of Corrections (DOC). On 8/03/21 I was removed along with neighbor Grabriel Nevarez from our general population housing and relocated to the prisons Intensive Management Unit (IMU). Prior to this IMU placement at 7:00AM estimated time Corrections officer (C/O) SGT Coll came to my cell front and informed me that myself, Gabriel Nevarez, and 14 other individuals would be transferred to WSP IMU and infracted. I inquired as to why and he stated for an incident that to his understanding occured on 7/30/21 during a modified COVID lockdown trash and dinner disposal period in which only individuals who complied with COVID testing were alotted to recieve.

1.3- He proceeded to state that he had known for a few days via staff communications and Emails that this would happen. He assured me not to worry as he had already reviewed the infraction videos and reports and said upon my hearing I would beat it due to it being frivolous. He advised me to pack all of my property that I would be transferred to IMU shortly afterward. By informing me of this transfer C/O Juan Coll violated his DOC employers policy protocol through his actions.

1.4- Learning of this transfer filled me with a variety of emotions being confusion, anxiety, helplessness, sadness, and still hope in his words. At the time of this situation I was due to be released from incarceration on 12/14/21 2 days before my daughters birthday. I was also working diligently on my class work from Walla Walla Community College in pursuit of an Associates of Business Management. The realization and knowledge of the possible damage to my life this situation could cause left me in dismay as to

why this was happening.

1.5- Shortly after the conversation with Juan Coll I was promptly transferred to WSP IMU. Upon intake I was issued unclean dirty laundry and instructed to put them on. This caused me to ask why, and I was informed by staff that laundry for IMU had not been cleaned due to IMU being on COVID quarantine/lockdown. I was then notified that the pod I was to be housed in had multiple positive COVID cases and I would immediatley restart the 14 day quarantine period because my cell placement was in a pod with active cases causing me to become newly exsposed to COVID. Upon hearing this I began to plead with staff, and voice my concerns for my health and safety. I explained that I had provided 2 negative COVID tests and cleared the alotted quarantine period the day before on 8/02/21, and was unvaccinated and feared for my safety all to no avail. Staff members only downplayed the severity of COVID and said even if I catch it ill be fine im young at 24 with a strong immune system and its not as bad as the media makes it sound.

1.6- To my dismay I was still placed in the contaminated pod along with Gabriel Nevarez and made to begin the quarantine process again. During this quarantine time I was only allowed 2, 10 minute showers and phone calls a week, heightening the level of negative emotions I was feeling at the time causing me to go into a state of depression as I have never in my life been subjected to such an oppressing enviroment like the one I was being forced in. WSP DOC could have left me in the unit G housing arrangement I was initially in and placed only myself and others whom they wanted on in cell lockdown like they had been doing during my

initial quarantine process for individuals who would not willingly submit to COVID testing or placed me in a COVID free IMU pod as they had the means to do these things instead of placing me in a life threatening and changing environment like they did. As a result of the IMU placement my deteriorating mental health state, and the constant adherent threat of contracting the potentially fatal COVID virus, after factoring in IMU staff unvaccinations, IMU not issuing cleaning supplies during quarantine, and staff not following mask mandate PPE protocol the pressure and fear for my life became overwhelming and against my free will I submitted and recieved a COVID vaccine.

1.7- In my heart I feel a deep sense of shame and embarresment because of this. Everyday I wake up left with these feelings lingering within me and can't help to believe I was coerced into recieving a COVID vaccination that has left me with a sense of vulnerability like I have never felt before this. DOC staff and medical staff would conduct daily cell by cell temperature and oxygen blood pressure readings with the same equipment they would use on positive COVID inmates. If you did not submit to the tests staff would proffess an ultimatum of submit to testing daily or lose your yard and shower priviledges. I attempted multiple times to inquire their badge numbers and names of DOC WSP staff and medical and was told I really didn't want to do that and would be promptly ignored after that. Using such an ultimatum is unjust and a direct threat to violate my 14th Amendment due process of law as they would be imposing a sanction upon me without the application of the due process of law. Placing myself and Grabriel Nevarez in IMU at this time knowing it was on a COVID quarantine/lockdown with active positive cases within the confines of my living, recreational, and hygienic

quarters allowed the COVID virus to assume presidence becoming part of the punishment imposed upon me violating my constitutional rights in this

1.8- Department Of Corrections (DOC) violated my constitutional rights by omitting to intervene when legally obligated to and end the constitutional violations being imposed upon me. Washington State Penitentiary (WSP) violated my constitutional rights by also omitting to intervene and end the constitutional rights violations that were imposed upon me, also allowing DOC/WSP Corrections Officers (C/O's) acting under color of state law to carry out the commissions of my constitutional rights violations that occured within the count. C/O's Bradley Bowman, Allen Wilson, Steven Sundberg, Kevin Walker, Juan Coll, Lesley Gilson, Justin Heath, Gilbert Lugo, Jon Doe 1, and Jon Doe 2 violated my constitutional rights within the count by drafting the written infraction reports, IMU referrals, IMU placement orders, and transport orders used to aid and abet the commissions of my constitutional rights violations in the count which I will provide in full supplemental at a later date. Maryann Curl violated my constitutional rights by allowing the previously listed defendants to commit the actions in the count. Maryann Curl is currently the head Doctor/Physician at WSP and is legally obligated to intervene when a patient's/inmate's life, health, and safety is potentially or being jeopardized by another individual, themselves, diets, or housing arrangements within the facility which she omitted to do. Tom Scribner violated my constitutional rights by also omitting to intervene and cease the actions taken upon me as he holds the elected public officials office of the Mayor of Walla Walla and is their for legally charged with

the protection of county residences/wards. DOC, WSP, and their CIO's conduct business within Walla Walla County jurisdiction and because of this Walla Walla County and Tom Scribner who is the Mayor have an obligation to ensure WSP is operating justly and with full respect of the Constitution.

## Count 2

2.1- 5th Amendment double jeopardy violation by: DOC, WSP, Walla Walla County, Bradley Bowman, Allen Wilson, Steven Sundberg, Kevin Walker, Juan Coll, Lesley Grilson, Justin Heath, Gilbert Lugo, Gary Pierce, Jon Doe 1, Jon Doe 3, Tom Scribner

2.2- CIO's Lesley Grilson and Justin Heath provided identical verbatom written infraction reports which state: "On 7/30/21 at approximatley 1823 offenders Copeland E. DOC#3962284, Nevarez G. DOC#409134, Christensen J. DOC#412972, White E. DOC#3426866, Canfield T. DOC#877137, Romero M. DOC#327744, Cuevas M. DOC#427737, Rosario A. DOC#425806, Rodriguez G. DOC#423235, Reyes J. DOC#361856, Guerrero-Garcia R. DOC#338179, Reyes M. DOC#380545, Abarca P. DOC#406011, Tavares D. DOC#399907, engaged in inciting a group demonstration at trays up after Offender Morfin, Ramon DOC#302082 refused directives to 'lock up'". This written testimony lacks substanince in the due process of probable cause as it never gives a detailed description of my role or Gabriel Nevarez's actions in the alleged matter, and was allowed to be an admissable piece of evidence in the infraction hearing and a tool used to aid and abet the constitutional violations bestowed on me. CIO Jon Doe 1 provided a seperate corroboratting written infraction used in the

infraction hearing process that states: "On 7/30/21 at approximatley 1823 in Golf Unit East Dayroom 111 (incarcerated Individual) Copeland, Elijah DOC#396284 refused a staff members orders to return to his cell. Refusal to return to his cell when ordered by a staff member constitutes a violation of WAC 509 - Refusing a direct order by any staff member to proceed to or disperse from a particular area. Inmate then joined in with a group of inmates who began to encircle officers. This is a violation of WAC 652 - Engaging In or inciting a group demonstration. All inmates participating in the demonstration were members or affiliates of the same Security Threat Group. This is a violation of WAC 734 - Participating or engaging in the activities of any unauthorized club, organization, gang, or security threat group, or wearing or possessing the symbols of any unauthorized club, organization, gang, or security threat group". C/O Jon Doe 1 provided this report without being present at the time of the alleged incident leaving me in awe as to how he could provide this report and atest to the alleged facts or actions of myself and others when the other reports are contradictory to this one.

2.3-5 Subsequently the use of these 3 incident reports were used by hearings officere Gary Pierce during my infraction hearing in which he imposed further sanctions upon me violating my constitutional rights. In the Disciplinary Hearing Minutes And Findings report he states in written record: Violation#-734 Guilty, 509 Guilty, 652 reduced to 663. Reason(s)- Written Staff testimony I/m's written statement video does show I/m Copeland-Frazier join in with multiple other "Sureno" I/m's and refuse orders to lock up in their cells the I/m's as a group began encircling staff as an act of intimidation causing staff to vacate the dayroom and avoid a physical altercation guilty 734, 509, and 663.

Sanction(s) 25 days segregation, 60 days loss good time. Reason(s) for Sanction(s) within DOC policy guidelines and due to the seriousness of the incident. Held in absent I/M given a copy. Will provide these reports supplemental at a later date

2.7-Imposing the sanction of 25 days segregation, 60 days loss of good time is a violation of my constitutional rights as I was already serving a sanction due to me being housed in IMU since 8/03/21 at the time of the impositions of these new sanctions on 9/02/21 suffering throughout this time the tramatic experiences and unjustly punishments being forced on me in count 1. The constitutional violations of count 2 have further contributed to my deteriorating emotional and mental health state leaving me feeling truly helpless to the circumstances I was being wrongfully subjected to. It has also left me with a conscious eternal punishment that came along with it because as a result of these constitutional violations, punishments, and hearings I unfortunatley missed my daughters birthday further straining and distaning our relationship and bond with each other. Furthermore, my beloved grandmother who was my best friend and mentor in life tragically passed away during the oppressing times of trials and tribulations I was unjustly enduring. I was then denied and forced to miss any oppurtunities including Video Skype to attend her funeral to find closure and pay my final respects and honor the truly wonderful, loving, beautiful soul, and blessing she was to my life and others. This ultimatley has caused very personal, close, and family relationships to become broken as these individual's have grown a sense of misplaced resentment towards me due to the effect these unjust actions sowed upon my life.

2.5- All of the following listed defendents in count 2 (2.1) violated my constitutional rights in Count 2 through the exact same actions I have mapped out in Count 1 (1.8) as their actions and documents in (1.8) were used as universal tools in prior and subsequent constitutional rights violations. Please exclude any relevant narratives in (1.8) of Jon Doe 2, and Maryann Curl as they are not applicable to count 2 (2.1-2.5). Please include Jon Doe 3 violated my constitutional rights in Count 2 by drafting property disposition forms and other forms used to aid and abet the violation in this count, and Gary Pierce violated my constitutional rights in count 2 by being the acting hearings officer and imposing, and drafting sanctions and testimonies that aid and abet the count 2 violation. I will provide all of the documents I have cited in Count 2 (2.1-2.5) in full supplemental at a later date.

## Count 3

3.1- 14th Amendment due process violation by: DOC, WSP, Walla Walla County, Bradley Bowman, Allen Wilson, Steven Sundberg, Kevin Walker, Juan Coll, Lesley Gilson, Justin Heath, Gilbert Lugo, Jon Doe 1, Jon Doe 2, Tom Scribner

3.2- I believe that within the confines of Count 1's constitutional rights violation (1.1-1.8) a 14th Amendment procedural due process of law violation exists as well. As I was subjected to IMU placement pre infraction hearings, and unjustly forced into a dwelling domain of COVID infested living, hygenic, and recreational quarters. These 2 factors became focus of punishment even if they were abnormal and unjust and because of that I should have been afforded the application of the procedural

due process of law and allowed to call witness, present evidence, and testimony at a trial which I was not. I was instead found guilty in a sense and given these 2 forms of sentence sanctions without ever having a fair and impartial trial and judgement in accordance with the due process of law.

3.3- All of the following listed defendents in Count 3 (3.1) violated my constitutional rights in Count 3 through the exact same actions I have mapped out in Count 1 (1.8) as their actions and documentations in (1.8) were used as universal tools in prior and subsequent constitutional rights violations. Please exclude any relevant narrative in (1.8) of Maryann Curl as it is not applicable to Count 3. I will provide supporting documentations supplemental at a later date.

## Count 4

4.1- 5th Amendment procedural due process of law violation by: DOC, WSP, Walla Walla County, Bradley Bowman, Allen Wilson, Steven Sundberg, Kevin Walker, Juan Coll, Lesley Gilson, Justin Heath, Gilbert Lugo, Robert Royse, Gary Pierce, Casey Kaech, Hunter Meyers, Christopher Alaniz, Tim Thrasher, Tom Scribner, Jon Doe 1, Jon Doe 2, Jon Doe 3.

4.2- As a result of the actions and facts I have provided within Counts 1-3 (1.1-3.3) on 10/1/21 I was served by C/o Jon Doe 3 a 90 Day Property Disposition form stating 5 boxes of excess food out of my personal property needed to be destroyed, donated to charity, or sent out at my expense. I reasonably refused to sign this form as it was my personal property, unopened, and my financially struggling family bought it for me. Loss of my personal property was never a sanction imposed on me by any hearings officers or administration staff. I asked C/o Jon Doe 3 "why I was being deprived of my personal property"? He stated "DOC WSP property staff

were sick of having to pack up boxes of food and individuals other remaining personal property items and having to transport them all to long term storage across the prison. So in order to create less boxes and work for staff they decided to no longer store consumable food items in long term storage and imposed a new WSP operational memorandum 440.000 policy making this a non grievable issue as you can't grieve policies so I could either sign the paper or not my property would still be destroyed". I will provide these forms at a later date supplemental.

4.3- I believe this is a constitutional rights violation because neither life, liberty, nor property may be taken without due process of law. I was deprived of my personal property without recieving this constitutional right and was given a non negotiable deprivation of my personal property. This made me feel an honest sense of anger and confusion towards the circumstance in which I was being subjected to because I feel that DOC, WSP, and their staff were not trying to provide assistance, understanding, or support for my rehabilitation and the struggle that the world is going through in the midst of the pandemic and economic heartships, but instead further contribute to the pain and struggle in my life.

4.4- All of the following listed defendants in count 4 (4.1) violated my constitutional rights in count 4 through the exact same actions I have mapped out in count 1 (1.8) as their actions and documentations in (1.8) were used as universal tools in prior and subsequent constitutional rights violations. Please exclude any relevant narrative in (1.8) of the following defendants: Jon Doe 1, Jon Doe 2, and Maryann Curl as they are not applicable to count 4. Please add the following defendants: Robert Royse, Gary Pierce, Casey Kaech, Hunter Meyers, and Christopher Alaniz as they all drafted

further IMU placement stay orders, Ad-Seg placement exstentions, infraction reports, Sanction impositions, and 90 day property dispositions that became relevant towards the Constitutional rights violations within this count 4 as they aided and abetted the commissions of this Count 4's violations by Jon Doe 3. I will provide all of these supporting documentations in full at a later date.

## Count 5

5.1 - 14th Amendment Due process violation by: DOC, WSP, Walla Walla County, Bradley Bowman, Allen Wilson, Steven Sundberg, Kevin Walker, Juan Coll, Lesley Grilson, Justin Heath, Gilbert Lugo, Robert Rayse, Tim Thrasher, Gary Pierce, Casey Kaech, Hunter Meyers, Christopher Alaniz, Tom Scribner, and Jon Doe 1.

5.2 - After my initial infraction hearings guilty verdict and reasons that I wrote in and will provide supplemental at a later date on (2.3-2.4) I immediatley wrote an appeal of the decision as I believed the written statement I provided to the hearings officer must not have been considered because I was not guilty. My appeal was viewed by Steven Sundberg the superintendent who was also one of the defendants involved in drafting the universal reports and documents in (1.8) that I give reference of leading me to believe his denial decision of my appeal was concluded without being unfair and impartial. At this time in the whole affair I was under the understanding that I was going to serve the sanctions that the hearings officer imposed upon me in (2.3) and be released from IMU back to general population without any further consequences. To my dismay I later realized that would not be the case.

5.3 - I learned from Christopher Alaniz during one of his routine weekly tier walk throughs that instead of serving my alotted sanctions

and then being released from IMU back to the normal prisoner population living state. I was now at that time being referred to recieve an IMU MAX custody program and once approved I would be required to take and complete a Cognitive Behavior Change Therapy course before I would become eligible to be released from IMU. He then informed me that my previously imposed sanctions would still apply to me and made to be served, only I would remain in IMU no matter what awaiting a Multi Disciplinary Team (MDT) which he was a part of. I asked him the likelyhood of this approval as I had not had a single infraction up until that time in over 2 years. He stated he was sure I would recieve it because he was on the team and to prepare my mind. I then had my family contact DOC Headquarters in Washington State to advocate on my behalf and plea with them to end thee injustices being forced upon me telephonically and E-Mails all to no avail.

5.4 - On 10/4/21 I recieved through the unit mail call system documentation of my MDT's outcome and approval for IMU MAX Custody. As I was reading the papers I initially thought I was misinterperting the words because I was never given the opportunity to attend this hearing. I further read the papers and learned that I was neglected knowingly by MDT members and reviewers the right to attend this hearing and properly defend myself. A section of this document states ": Comments/Recommendations date of submit - 9/16/21 · Name · Alaniz Christopher G. Comments "(offender) I/I was unable to attend FRMT due to COVID Protocols. Email recieved per Thrasher to forward CFP for MAX referral ASAP". I learned I was not given the option to attend and defend myself nor an option to postpone this hearing due to "COVID Protocols" making this a violation of my constitutional rights. I later learned upon my personal

investigations into the matter that the Email Christopher Alaniz recieved per Thrasher to "forward CFP for MAX referral ASAP" was Tim Thrasher who is not a part of this MDT board but is a higher ranking DOC headquarters restrictive housing administrator. By Tim Thrasher who is not a part of this MDT board sending Christopher Alaniz who is part of this MDT board and is intrusted with fair and unbiased judgement upon me sending this Email he used his power to sway the boards decision to be guilty and impose a sanction of extended IMU MAX custody time and mandatory Cognitive Behavior Change Therapy course completion upon me through direct board member and acting judge Christopher Alaniz who validates this through his recorded written response and his reason for my recommendation to recieve these sanctions.

5.5- This MDT and the sanctions imposed on me meet the elements of an administrative punishment in accordance with the 8th Amendments definition of a punishment being action by administrative body which constitutes the imposition of a sanction for the purpose of penalizing the affected person as the result of the commission of an offense. I was because of this under my 14th Amendment constitutional right entitled to the due process of law which was withheld from me for the reasons being "(offender) I/L was unable to attend due to COVID protocols". (341 U.S. 123, 162-163) - Justice Frankfurter: "The requirement of due process is not a fair-weather or timid assurance. It must be respected in periods of calm and in times of trouble; It protects aliens and citizens. But 'due process', unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances. Expressing as it does in its ultimate analysis respect enforced by law for that feeling of just treatment which has been evolved

through centuries of Anglo-American constitutional history and civilization, 'due process' cannot be imprisoned within the treacherous limits of any formula. Representing a profound attitude of fairness between Man and Man, and More particularly between the individual and government, 'due process' is compounded of history, reason, the past course of decisions, and stout confidence in the strength of the democratic faith which we profess. Due process is not a mechanical instrument. It is not a yardstick .... It is a delicate process of adjustments inescapably involving the exercise of judgement by those whom the Constitution entrusted with the unfolding of the process." The heartfelt COVID pandemic is a tragedy of our time, and has contributed to grievous strife, pain, and loses in my life and the world as a whole and should not have been or become a present factor to violate my constitutional 14th Amendment due process during a time in our country when the integrity and justice of our legal system is at it's most relevant times of our days struggling circumstances. I believe COVID should not have been a reason for the MDT I was at the mercy of judgement to become kangaroo court rendering biased, swayed, and unfair verdicts upon me.

5.6- All of the following listed defendants in Count 5 (5.1) violated my constitutional rights in Count 5 through the exact same actions I have mapped out in Count 1 (1.8) as their actions and documents drafted in (1.8) were used as universal tools in prior and subsequent constitutional rights violations. Please exclude any relevant narratives in (1.8) of Maryann Curl and Jon Doe 2, they are not applicable to Count 5 (5.1-5.6). Please include Gary Pierce, Casey Kaech, Tim Thrasher, Hunter Meyers, Christopher Alaniz these individuals were all members of the MDT team and drafted more documents and imposed further sanctions that aided and abetted the commissions of the

Constitutional rights violations that took place in Count 5. I will provide all these documents and supporting evidence supplemental at a later date.

## Relief

Both Elijah J. Copeland-Frazier and Grabriel Nevarez are seeking Monetary relief and injunctive relief in regards to the housing and handling of incarcerated individuals Medical safety.

In Monetary relief we are seeking $100,000.00 from Department of Corrections, Washington State Penitentiary, Walla Walla County, Steven Sundberg, Casey Kaech, Bradley bowman, Juan Coll, Kevin Walker, Allen Wilson, Tanner Mink, Robert Royse, Hunter Meyers, Justin Heath, Christopher Alaniz, Ryann Pfaff, Lesley Grilson, Gilbert Lugo, Gravy Pierce, Tim Thrasher, Jon Doe 1, Jon Doe 2, and Jon Doe 3 in their professional Capacity. Tom Scribner and Maryann Curl we are seeking $100,000.00 in their personal and professional capacity.

Monetary relief totalling $2,300,000.00

We are also seeking an injuction issued to Department of Corrections and Washington State Penitentiary regarding the handling of incarcerated individuals Medical safety and housing during COVID and possible future disease, pathogenic epidemic, pandemic, or outbreak situations.

Dear your honor I am 24 years old and this is My first pro se civil Suit ever I ask that you please have understanding towards any Minor Mistakes I May have Made I will diligently amend to the best of My being anything you ask if need be. I will also Amend and add all Jon Doe's within this suit. I thank you very much for your time.

Elijah J. Copeland-Frazier DOC#396284
Washington State Penitentiary
West Complex F Unit West-211
1313 North 13th AVE
Walla Walla, WA 99362
Date: 2/11/22          Sign: Elijah J. Copeland-Frazier

Gabriel Nevarez DOC#409134
Washington State Penitentiary
West Complex F unit West-118
1313 North 13th AVE
Walla Walla, WA 99362
Date: 2/11/22          Sign: Gabriel Nevarez

## Supplemental Reports

• See following reports please are all relevant to the
Constitutional Violations. I will also be sending more
at a later date thank you.

AUG 0 3 2021

# INITIAL SERIOUS INFRACTION REPORT

**Department of Corrections**
WASHINGTON STATE

| | | |
|---|---|---|
| Copeland, Elijah | 396284 | GE215 |
| Name | DOC number | Facility/housing assignment |
| 7/30/21 | 7/30/21 | 1823 | Golf East Dayroom |
| Infraction date | Incident date | Incident time | Incident place |

509 - Refusing a direct order by any staff member to proceed to or disperse from a particular area
652 - Engaging in or inciting a group demonstration
734 - Participating or engaging in the activities of any unauthorized club, organization, gang, or security threat group; or wearing or possessing the symbols of an unauthorized club, organization, gang or security threat group
Rule violations

Witnesses

## NARRATIVE

State a concise description of the rule violations (e.g., injuries, property damage, use of force) answering the questions when, where, who, what, why, and how. Attach all related reports.
*(Work/Training Release individuals may submit written comments to their case manager)*
On 7/30/21 at approximately 1823 in Golf Unit East Dayroom I/I(Incarcerated Individual) Copeland, Elijah DOC# 396284 refused a staff members orders to return to his cell. Refusal to return to his cell when ordered by a staff member constitutes a violation of WAC 509 - Refusing a direct order by any staff member to proceed to or disperse from a particular area. Inmate then joined in with a group of inmates who began to encircle officers. This is a violation of WAC 652 - Engaging in or inciting a group demonstration. All inmates participating in the demonstration were members or affiliates of the same Security Threat Group. This is a violation of WAC 734 - Participating or engaging in the activities of any unauthorized club, organization, gang, or security threat group; or wearing or possessing the symbols of an unauthorized club, organization, gang or security threat group.

Evidence: ☒ Yes ☐ No   Evidence case number: _221275_   Locker number: _____

Description of evidence: _____

Related reports attached: ☐ Supplemental   ☐ Medical   ☐ Witness statements

☐ Other: Specify _____   Photo(s)/video: ☒ Yes ☐ No

Individual placed in: ☐ Pre-Hearing confinement ☐ Administrative Segregation  Date: _____

Recommended sanctions: _____

## ALLEGED VICTIMS

Name(s): _Gibson, Lesley_ _____

☒ Employee/contract staff   ☐ Volunteer/visitor/other   ☐ Individual DOC # _____

Name(s): _Heath, Justin_ _____

☒ Employee/contract staff   ☐ Volunteer/visitor/other   ☐ Individual DOC # _____

## APPROVALS

| | | |
|---|---|---|
| C/O Stephenson, | | 3rd Wed/Thur |
| Reporting employee/contract staff | Signature | Shift/days off |



**Department of Corrections**
WASHINGTON STATE

## INCIDENT REPORT
☐ Confidential

| Name multiple offenders | DOC number | Time 1823 | Date 7/30/21 |
|---|---|---|---|

| Incident description | Use of force incident? |
|---|---|
| Refusing directives from staff and inciting | ☐ Yes ☒ No |

| Witnesses involved |
|---|

| Employees/contract staff/volunteers involved |
|---|

### DETAILED DESCRIPTION OF INCIDENT

Who was involved, what took place, how did it happen, description of any injuries, damage, use of force, etc. Attach additional sheet, if necessary.

On 7/30/21 at approximately 1823 offenders Copeland E. DOC #396284, Nevarez G. DOC #409134, Christensen J. DOC #412972, White E. DOC #342686, Canfield T. DOC #877137, Romero M. DOC #327744, Cuevas M. DOC #427737, Rosario A. DOC #425806, Rodriguez G. DOC #423235, Reyes J. DOC #361856, Guerrero-Garcia R. DOC #338179, Reyes M. DOC #380545, Abarca P. DOC #406011, Tavares D. DOC #399907 engaged in inciting a group demonstration at trays up after Offender Morfin, Ramon DOC 302052 refused directives to lock up.

### IMMEDIATE ACTION TAKEN

| HEATH, JUSTIN | | 2032 | 7/30/21 |
|---|---|---|---|
| Name | Signature | Time | Date |

| WSP | GOLF | Dayroom |
|---|---|---|
| Facility | Unit | Tier |

### SUPERINTENDENT/DESIGNEE COMPLETES

| Date received | Time | Incident number | |
|---|---|---|---|
| Assigned to | By | | Date |

Comments:

| Name | Signature | Date |
|---|---|---|

The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 16-01, RCW 42.56, and RCW 40.14.

Distribution: **ORIGINAL** - Superintendent     **COPY** - Chief Investigator

Supplemental I.C


Department of
**Corrections**
WASHINGTON STATE

# INCIDENT REPORT
☐ Confidential

| Name | DOC number | Time | Date |
|---|---|---|---|
| multiple offenders | | 1823 | 7/30/21 |
| Incident description | | | Use of force incident? |
| Refusing directives from staff and inciting | | | ☐ Yes ☒ No |
| Witnesses involved | | | |
| | | | |
| Employees/contract staff/volunteers involved | | | |

## DETAILED DESCRIPTION OF INCIDENT

Who was involved, what took place, how did it happen, description of any injuries, damage, use of force, etc. Attach additional sheet, if necessary.

On 7/30/21 at approximately 1823 offenders Copeland E. DOC #396284, Nevarez G. DOC #409134, Christensen J. DOC #412972, White E. DOC #342686, Canfield T. DOC #877137, Romero M. DOC #327744, Cuevas M. DOC #427737, Rosario A. DOC #425806, Rodriguez G. DOC #423235, Reyes J. DOC #361856, Guerrero-Garcia R. DOC #338179, Reyes M. DOC #380545, Abarca P. DOC #406011, Tavares D. DOC #399907 engaged in inciting a group demonstration at trays up after I/M Morfin, Ramon DOC 302052 refused directives to lock up.

## IMMEDIATE ACTION TAKEN

| | | | |
|---|---|---|---|
| Gillson, Lesley 7532 | | 2032 | 7/30/21 |
| Name | Signature | Time | Date |
| WSP | GOLF | Dayroom | |
| Facility | Unit | Tier | |

## SUPERINTENDENT/DESIGNEE COMPLETES

| Date received | Time | Incident number | |
|---|---|---|---|
| | | | |
| Assigned to | By | | Date |
| | | | |

Comments:

_____

| | | |
|---|---|---|
| Name | Signature | Date |

The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 16-01, RCW 42.56, and RCW 40.14.

Distribution: **ORIGINAL** - Superintendent    **COPY** - Chief Investigator

_gilbert Lago_          7·85          7/31/21
**Infraction Reviewer**     Signature          Date

The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 00-03, RCW 42.56, and RCW 40.14.

Distribution:  **ORIGINAL** - Imaging or Central file
              **COPY** - Hearing Officer, Individual, Board

Supplemental Info

Department of
**Corrections**
WASHINGTON STATE

IMU S Gll

**SANCTION NOTIFICATION**

Offender Name: COPELAND-FRAIZER  DOC Number: 396284  Unit/Cell: CF-215

You have been found guilty of rule violations: 734 , 509 , 652 ,

The following sanction(s) were imposed: 25 Days Seg / Loss 60 Days Good Time

Your sanction will begin on _____ at _____ and end on _____ at _____
                          Date      Time                Date         Time

1. Cell confinement or confinement to quarters sanctions are required to remain in their cells/assigned area(s) except for attendance at work or school program, religious services, visits, meals, or law library if documented court deadline has been imposed.

   a. You will be afforded the opportunity to complete a shower, telephone call, use of J-Pay/Kiosk, room cleaning between the hours of _____ am/pm and _____ am/pm which will be monitored by staff.

   b. If you are not involved with one of the above activities, you are to remain in your cell; the cell/room door must remain closed.

   c. Law Library and legal telephone calls must be pre-approved; any other activities must be requested in writing and approved by the CUS, or Unit Sergeant.

2. When going to, or returning from, an authorized activity, you are not to loiter, engage in other activities, make side trips, or stop to converse with anyone.

3. It is your responsibility to seek work assignments to ensure your extra duty sanction is completed by the date listed above. Extra work duty is to be performed at times and places determined by staff. Refusal and/or failure to perform or complete any extra work duty may result in an infraction.

4. Exceptions to any of the above conditions must be approved in advance by unit staff.

| SANCTION RECORD | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **EXTRA WORK DUTY** | | | | | | **CELL CONFINEMENT (Optional)** | | | | |
| Date and Time Started | Staff Initials | Time and Date Completed | Hours Completed | Hours Remaining | Staff Initials | Date and Time Cell Cleaned/Laundry | Phone | | Shower | |
| | | | | | | | On | Off | In | Out |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

I have read and received a copy of this form and understand the sanction imposed.

_____
Date Served

Time Served

Held in Absentia - 1/c, 9/1/2021 A copy

_____
Offender (Print Name)

Offender Signature

Date

DOC Number

_____
Staff (Print Name)

Staff Signature

9/2/2021
Date

*The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 00-03, RCW 42.56, and RCW 40.14.*

Distribution: **ORIGINAL** – Offender  **COPY** – Unit File
DOC 17-085 (Rev. 08/16/12)                                    DOC 460.000

**DISCIPLINARY HEARING MINUTES AND FINDINGS**

Department of Corrections
WASHINGTON STATE

Infraction Group Number: 12  _Imus G11_

COPELAND-FRAIZER, Elijah J.  _GE275_   396284    7/30/2021

| Offender name | DOC number | Violation date |

8/11/2021 – 9/2/2021    0800  1350    ☐ Waived 24 hour notice
Hearing date    Hearing time    ☑ Waived appearance

**PLEA:** Guilty: _____   Not guilty: _____   No plea: 734, 509, 652

| | | | |
|---|---|---|---|
| Hearing impaired: | ☐ Yes ☐ No | | |
| Department Advisor: | ☐ Yes ☐ No | Name: | |
| Sign/language interpreter: | ☐ Yes ☐ No | Name: | |
| Competency concerns: | ☐ Yes ☐ No | | |
| Confidential information: | ☐ Yes ☐ No | | |
| Witness statement returned: | ☐ Yes ☐ No | ☐ N/A | |
| Witness statement denied: | ☐ Yes ☐ No | ☐ N/A | |

Reason(s): _8·11·21 Continued DHO unavailable 9/2/2021 I/m waived_
_Appearance - Held in Absentia_

**HEARING SUMMARY**
List testifying witnesses, evidence used, continuance reason(s), video review summary, any other relevant information

_I/m submitted a written stmnt_

_Infraction/ 2 reports / I/m written_
_stmt / video_

**LIST EACH WAC 137-28 VIOLATION SEPARATELY**

| Violation # | FINDING Guilty | Not guilty | Dismissed | Reduced | Reason(s) |
|---|---|---|---|---|---|
| 734 | X | | | | written staff testimony - |
| 509 | X | | | | I/m's written stmnt - / video |
| 652 | | | | 663 | Does show I/m Copeland Frazier |

_join in with multiple other surround their e refuse_
_orders to lock up in their cell - The I/m's as a group_
_began encircling staff an an act of intimidation_

Sanction(s): _Causing staff X vacate The Dayroom & Avoid A_
_Physical Altercation - Guilty 734 509 & 663_

Reason(s) for sanction(s): _25 Seg / Loss 60 Days Good Time_

Non-sanction recommendation(s): _within DOC Policy Guidelines &_
_Due to The Seriousness of the Incident_

**I have received a copy of this form:**
_Held in Absentia - I/m given a copy_

| Offender/witness | Signature | Time | Date |
| Hearing Officer | _[signature]_ pearce | 1405 | 9/2/2021 |

The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 00-03, RCW 42.56, and RCW 40.14.

Distribution: **ORIGINAL** - Imaging System/Central File    **COPY** - Hearing Officer, Offender

DOC 21-312 (Rev. 06/01/18) E-Form    Page 1 of 1    DOC 460.000
Scan Code IF01

**Department of Corrections**
WASHINGTON STATE

# DISCIPLINARY HEARING NOTICE/APPEARANCE WAIVER

Infraction Group Number: 12    *IMUS GII*    *GE215*

| | | | |
|---|---|---|---|
| COPELAND-FRAIZER, Elijah J. | 396284 | WSP-Main | 8/3/2021 |
| Offender name | DOC number | Facility | Date |
| | WSP-Main | 0800 | on callout |
| | Hearing location | Hearing time | Hearing date |

Type of review ☐ Disciplinary

Reason(s) for hearing:
734 - Participating or engaging in the activities of any unauthorized club, organization, gang, or security threat group; or wearing or possessing the symbols of an unauthorized club, organization, gang, or security threat group
509 - Refusing a direct order by any staff member to proceed to or disperse from a particular area
652 - Engaging in or inciting a group demonstration

## OFFENDER RIGHTS

You have the right to: A fair and impartial hearing, and written notice of the alleged violation(s), and a summary of the supporting evidence at least 24 hours prior to the hearing.

☑ You may waive the 24 hour notice, and be present or waive your presence at the hearing.
☑ You have the right to testify or remain silent at the hearing. If you choose to remain silent, your silence may be used against you and the hearing decision will be based on the evidence presented.
☑ You may request a Department advisor.                                         ☐ Requested    ☑ Waived
☑ You may request a certified sign language interpreter if you are hearing impaired.          ☐ Requested  ☑ Waived
☑ You may request an interpreter if you are unable to read, speak, or understand English.       ☐ Requested  ☑ Waived
☑ You may call witnesses and present documentary evidence, though the hearing officer may exclude witnesses/evidence deemed irrelevant, duplicative, or unnecessary; and/or unless it is determined by the hearing officer that doing so would be unduly hazardous to facility safety or security.
☑ You have the right to propose questions for the hearing officer to ask witnesses, although the hearing officer may exclude questions deemed irrelevant, duplicative, or unnecessary.
☑ You have the right to appeal the decision and/or sanctions to the Superintendent within 15 business days of the hearing officer's decision.
☑ You do not have a right to cross examine witnesses, have reporting staff member(s) present at the hearing, have a polygraph or other supplemental test(s), Examine physical evidence, or receive confidential information.
☑ You will not be provided access to video (evidence), nor have access to audio from the offender phone system.
☑ If you are under Indeterminate Sentence Review Board jurisdiction and within 60 days of an established release date, a guilty finding could result in the cancellation of your release date.
☑ Criminal charges may be pending. Anything you say may be used against you in a court of law.
Status of criminal charges: ☐ None  ☑ Unknown  ☐ Pending in County_____    Charges_____

## EMPLOYEE/CONTRACT STAFF/OFFENDER WITNESSES

| Name | Title/Position or DOC number | Statement | Witness |
|---|---|---|---|
| No | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |

☐ I, _____, DOC # _____ waive my right to the required 24 hour notice before the hearing and authorize the Disciplinary Hearing Officer to make a disposition/decision regarding the information and evidence presented as it pertains to my particular situation.

☐ I, _____, DOC # _____ waive my right to appear at the hearing. I understand the hearing will be held in my absence.

I have received a copy of this form and any attachments.

| *Return to S. GN* | | 1220 | 8/3/2021 |
|---|---|---|---|
| Offender/witness | Signature | Time | Date |
| *Morgan R147321* | | 1220 | 8/3/2021 |
| Employee | Signature | Time | Date |

The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 00-03, RCW 42.56, and RCW 40.14. Upon completion, the data classification category may change.

Distribution: **ORIGINAL** - Imaging System/Central File   **COPY** - Hearing Officer, Offender

Supplemental 1.H

STUDENT NAME:  COPELAND-FRAZIER ELIJA     STUDENT ID:  SID-39-6284

| YRQ | INTENT | PROG ENR | COURSE | ID | SECT | LETTER GRADE | GRADE QUAL | DECIMAL GRADE | CRED | ITEM | TITLE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| B783 | B | 001 | ENGL | 097 | MA | A | | 0.0 | 5.0 | 8003 | BASIC EXPOSITORY WRITING |
| WTR18 | B | 001 | MATH | 071 | MA | B+ | | 0.0 | 5.0 | 8004 | PRE-ALGEBRA |
| | B | 001 | READ | 088 | MA | A | | 0.0 | 5.0 | 8000 | READING IMPROVEMENT |

        WTR18 Qtrly:    Gpa Cr  15.0    Cr Earn  15.0   P/S Cr   0.0   Grpts  56.5   GPA 3.77

| B904 | F | 502C | AENG | 100 | ME | A | | 0.0 | 5.0 | 8099 | WRITING IN THE WRK PLC |
| SPR20 | F | 502C | BUS | 189 | EA | Z | | 0.0 | 5.0 | 8204 | PRINCIPLES OF MANAGEMENT |
| | F | 502C | BUS& | 101 | EA | Z | | 0.0 | 5.0 | 8202 | INTRO TO BUSINESS |
| | F | 502C | CS | 110 | EA | Y | | 0.0 | 1.0 | 8206 | INTRO TO COMPUTERS & APP |

        SPR20 Qtrly:    Gpa Cr   5.0    Cr Earn   5.0   P/S Cr   0.0   Grpts  20.0   GPA 4.00

| C011 | B | 001 | BUS | 189 | EA | A | | 0.0 | 5.0 | 8204 | PRINCIPLES OF MANAGEMENT |
| SUM20 | B | 001 | BUS& | 101 | EA | A | | 0.0 | 1.0 | 8202 | INTRO TO BUSINESS |
| | B | 001 | CS | 110 | EA | A | | 0.0 | 1.0 | 8206 | INTRO TO COMPUTERS & APP |
| | B | 001 | ECON& | 202 | AA | A | | 0.0 | 5.0 | 8058 | MACRO ECONOMICS |

        SUM20 Qtrly:    Gpa Cr  12.0    Cr Earn  12.0   P/S Cr   0.0   Grpts  48.0   GPA 4.00
                                              PRESIDENT'S LIST

| C012 | F | 502C | ACOM | 102 | MC | A | | 0.0 | 5.0 | 9300 | COMMUNICATION IN WRKPLC |
| FAL20 | F | 502C | BUS& | 101 | AA | A | | 0.0 | 4.0 | 8212 | INTRO TO BUSINESS |
| | F | 502C | CS | 110 | AA | A | | 0.0 | 3.0 | 8216 | INTRO TO COMPUTERS & APP |

        FAL20 Qtrly:    Gpa Cr  12.0    Cr Earn  12.0   P/S Cr   0.0   Grpts  48.0   GPA 4.00
                                              PRESIDENT'S LIST

| C013 | B | 001 | BUS | 112 | EA | A | | 0.0 | 1.0 | 8203 | BUSINESS MATHEMATICS |
| WTR21 | B | 001 | BUS | 194 | EA | A | | 0.0 | 5.0 | 8205 | SMALL BUSINESS MANAGEMEN |
| | B | 001 | BUS& | 201 | EA | A | | 0.0 | 5.0 | 8056 | BUSINESS LAW I |

STUDENT NAME:  COPELAND-FRAZIER ELIJA     STUDENT ID:  SID-39-6284

| YRQ | INTENT | PROG ENR | COURSE | ID | SECT | LETTER GRADE | GRADE QUAL | DECIMAL GRADE | CRED | ITEM | TITLE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| (CONT) | B | 001 | CS | 110 | EA | A | | 0.0 | 5.0 | 8206 | INTRO TO COMPUTERS & APP |

        WTR21 Qtrly:    Gpa Cr  16.0    Cr Earn  16.0   P/S Cr   0.0   Grpts  64.0   GPA 4.00
                                              PRESIDENT'S LIST

| C014 | F | 502C | ACCT | 115 | EA | Z | | 0.0 | 5.0 | 8200 | QUICKBOOKS |
| SPR21 | F | 502C | ACCT& | 201 | EA | Z | | 0.0 | 3.0 | 8201 | PRIN OF ACCOUNTING I |

Supplemental 1.1

```
         F     502C      BUS   112  EA    A           0.0   1.0  8203    BUSINESS MATHEMATICS

               SPR21 Qtrly:      Gpa Cr   1.0    Cr Earn   1.0   P/S Cr   0.0    Grpts    4.0   GPA 4.00

C121     F     502C      ACCT  115  EA    Z           0.0   3.0  8200    QUICKBOOKS
SUM21    F     502C      ACCT& 201  EA    Z           0.0   5.0  8201    PRIN OF ACCOUNTING I
         F     502C      BUS   112  EA    A           0.0   2.0  8203    BUSINESS MATHEMATICS

               SUM21 Qtrly:      Gpa Cr   2.0    Cr Earn   2.0   P/S Cr   0.0    Grpts    8.0   GPA 4.00

                     Cum:        Gpa Cr  63.0    Cr Earn  63.0   P/S Cr   0.0    Grpts  248.5   GPA 3.94
                     Clvl:       Gpa Cr  48.0    Cr Earn  48.0   P/S Cr   0.0    Grpts  192.0   GPA 4.00
```

***************** END OF REPORT *****************

COPELAND-FRAZIER ELIJA⬛⬛⬛⬛⬛⬛    09/03/21 PAGE  1    *****91    COPELAND-FRAZIER ELIJA

```
WALLA WALLA COMMUNITY COLL                                          1112
500 TAUSICK WAY                                          WALLA WALLA
WALLA WALLA    WA 99362                                  WA


        ***** WINTER 18 *****                    *** SPRING 21--CONT. ***
ENGL  097 BASIC EXPOSITORY WRITING A    5.0  20.0 BUS   112 BUSINESS MATHEMATICS    A    1.0   4.0
MATH  071 PRE-ALGEBRA              B+    5.0  16.5             P/S CR  CR ERN  GPA CR      GPTS  GPA
READ  088 READING IMPROVEMENT      A    5.0  20.0 QUARTER:    0.0    1.0    1.0      4.0  4.00
          P/S CR  CR ERN  GPA CR        GPTS  GPA
QUARTER:    0.0   15.0   15.0           56.5  3.77    ***** SUMMER 21 *****
                                                  ACCT  115 QUICKBOOKS              Z    3.0   0.0
        ***** SPRING 20 *****                     ACCT& 201 PRIN OF ACCOUNTING I    Z    5.0   0.0
AENG  100 WRITING IN THE WRK PLC   A    5.0  20.0 BUS   112 BUSINESS MATHEMATICS    A    2.0   8.0
BUS   189 PRINCIPLES OF MANAGEMENT Z    5.0   0.0            P/S CR  CR ERN  GPA CR      GPTS  GPA
BUS&  101 INTRO TO BUSINESS        Z    5.0   0.0 QUARTER:    0.0    2.0    2.0      8.0  4.00
CS    110 INTRO TO COMPUTERS & APP Y    1.0   0.0
          P/S CR  CR ERN  GPA CR        GPTS  GPA             P/S CR  CR ERN  GPA CR      GPTS  GPA
QUARTER:    0.0    5.0    5.0           20.0  4.00 CUMULATIVE:    0.0   63.0   63.0    248.5 3.94
                                                  COLLEGE LEVEL  0.0   48.0   48.0    192.0 4.00
        ***** SUMMER 20 *****
BUS   189 PRINCIPLES OF MANAGEMENT A    5.0  20.0        ***** END OF TRANSCRIPT *****
BUS&  101 INTRO TO BUSINESS        A    1.0   4.0
CS    110 INTRO TO COMPUTERS & APP A    1.0   4.0
ECON& 202 MACRO ECONOMICS          A    5.0  20.0
PRESIDENT'S LIST
          P/S CR  CR ERN  GPA CR        GPTS  GPA
QUARTER:    0.0   12.0   12.0           48.0  4.00


        ***** FALL  20 *****
ACOM  102 COMMUNICATION IN WRKPLC  A    5.0  20.0
BUS&  101 INTRO TO BUSINESS        A    4.0  16.0
CS    110 INTRO TO COMPUTERS & APP A    3.0  12.0
PRESIDENT'S LIST
          P/S CR  CR ERN  GPA CR        GPTS  GPA
QUARTER:    0.0   12.0   12.0           48.0  4.00


        ***** WINTER 21 *****
BUS   112 BUSINESS MATHEMATICS     A    1.0   4.0
BUS   194 SMALL BUSINESS MANAGEMEN A    5.0  20.0
BUS&  201 BUSINESS LAW I           A    5.0  20.0
CS    110 INTRO TO COMPUTERS & APP A    5.0  20.0
PRESIDENT'S LIST
          P/S CR  CR ERN  GPA CR        GPTS  GPA
QUARTER:    0.0   16.0   16.0           64.0  4.00


        ***** SPRING 21 *****
ACCT  115 QUICKBOOKS               Z    5.0   0.0
ACCT& 201 PRIN OF ACCOUNTING I     Z    3.0   0.0
```

COPELAND-FRAZIER ELIJA SID396284                    COPELAND-FRAZIER ELIJA
                                                    1313 N 13TH AVE
03/06  WINTER 18                                    WALLA WALLA    WA 99362

Supplemental 1.K



Department of
**Corrections**
WASHINGTON STATE

**KITE**

| Name (print)/*Nombre (letra de molde)* | | Date/*Fecha* |
|---|---|---|
| Elijah J Copeland-Frazier | | 12/6/21 |

| DOC number/*Número DOC* | Facility/unit/cell / *Instalación/unidad/celda* |
|---|---|
| 396284 | WSP/IMU/CUS/SIGHH |

Request interview with or answer from/*Solicita entrevista o respuesta de*
IMU South Counselor Alaniz .

**Reason/Question** ☐ Interpreter needed for _____ (language)
**Razón/Pregunta** ☐ Necesito intérprete para _____ (idioma)

Just for confirmation again can you please
confirm that the infraction that I am currently
in IMU Max custody for a-663·734·509-J
is the sole reason I am deemed ineligible to
put fourth the funds needed for approval to
attend my grandmothers funeral?

Please Thank you.

| Signature/*Firma* | Days off/*Días libres* |
|---|---|
| Elijah Copeland-Frazier | |

**Response/*Respuesta***

Policy 420.110 Escorted leaves +
furloughs. Section A. General Require-
ments. II. a. "Has not been found
guilty during past six months.

Which 663 is one of the infractions
listed.

| Responder/*Persona que responde* | Date/*Fecha* |
|---|---|
| CC3  CA | 12/7/21 |

The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 16-01, RCW 42.56, and RCW 40.14.

Distribution:  **WHITE** - Responder  **CANARY** - Return response  **PINK** - Requestor
*Distribución:*  **BLANCA** - *Persona responde*  **AMARILLA** - *Respuesta devuelta*  **ROSA** - *Solicitante*
DOC 21-473ES (Rev. 8/4/20)                                      DOC 390.585, DOC 450.500

Washington State
Department of Corrections

Behavior And Programming Plan

11/29/2021

Page 1 of 2

## Inmate: COPELAND-FRAIZER, Elijah James (396284)

Offender Information at Time of BPP

| ERD: 02/12/2022 | RLC: HV | Custody Level: Maximum | Location: WSP-IMU — IMS / MSG11 |
|---|---|---|---|

**Date Placed in IMU:** 07/30/2021     **IMS Start Date:** 10/04/2021     **Max Expiration Date:** 11/30/2023

**BPP Created Date:** 11/29/2021     **Next CFP Review Date:** 02/12/2022

**Current IMS Level:** Level 3     **Current IMS Level Date:** 10/06/2021

**STG Affiliations:** Sureno

**Individual Behavior Management Plan:** No

**Number of Ad Seg Referrals This Incarceration Period:** 0

**IMS Placement Narrative:**



Copeland-Frazier is recommended for a demotion to Max custody due to his involvement in an incident in which multiple individuals refused staff directives to return to their assigned cells, eventually surrounding staff. Staff were required to exit the dayroom and a QRST was deployed to resolve the disturbance. Decision: Assign Maximum (MAX) Custody. Remain at Washington State Penitentiary (WSP/IMU). Develop Behavior and Programming Plan (BPP). Obtain and maintain Level 3.

### Behavior Programming Plan Expectations:

☑ Comply with Expectations In Behavior and Programing Plan

☑ No Participation In Security Threat Group (STG) activity

☑ Fully Cooperate With And Be Respectful Towards All Staff

☑ Attend All Call-Outs and Multi-Disciplinary Teams

☐ Obtain And Maintain IMS Level 4

☐ May Only Obtain IMS Level 2

☑ Other:

☑ Remain Serious and General Infraction Free

☑ Maintain Clean Cell

☑ Maintain Good Personal Hygiene

☑ Review and Comply With Offender Handbook

☑ Complete At Least One Offender Change Program (outlined in Targeted Strategies Below)

**Other Expectations During Intensive Management**

Obtain and Maintain IMU level 3.

### Targeted Strategies To Meet Program Expectations:

**Completed CBCP/OCP Programs:** N/A

**Existing Program Referrals:** AMATH 105 Intro Quantitative, Anth&234 Religion & Culture, Assigned Laptop, Bot101L Intro to Botany, BUS 101 Intro to Business, BUSINESS, Computer Lab, DOCART, Econ&201 Microeconomics, Engl 102 English Comp II, Math 075 Elementary Algebra, REDEMPTION, SA INT OUT-PNT, SCC Intro to Mass Media, SMALL BUSNSS Mngt ENTREPRENEUR

**Targeted Strategies:** N/A

**Other Targeted Strategy to Meet Program Expectations:**

Complete "In cell OCP" Kite Mental Health to be placed on wait list for class.

**Targeted Strategies Narrative**

While assigned to MAX Custody, this Offender is expected to remain infraction free; cooperate with staff; and participate in all recommended programming. He is to obtain and maintain Level 3 status. He is to complete an in-cell Offender Change Program (OCP). Furthermore he is to participate in hygiene, recreation and food service programs.

| Washington State<br>**Department of Corrections** | **Behavior And Programming Plan** | 11/29/2021 |
|---|---|---|
| | | Page 2 of 2 |

**Special Security Concerns:**

**Special Security Concerns: N/A**

**Other Special Security Concerns**

Administer as needed.

**Program Progress Narrative:**

**Program Progress Narrative**

Assigned to Ad-Seg. On 07/30/2021.  Assigned MAX custody on 10/04/2021.  Initial BPP, Offender was  promoted to level 2 on 09/08/2021. Promoted to level 3 on 10/06/2021. Completed CBCP/OCP on 11/18/2021.

**Staff Comments and Input:**

**Staff Comments and Input**

One positive, no negative behavior observations since placement in IMU. Offender was cooperative during this review.

**Offender Comments and Input:**

**Offender Comments and Input**

12/01/2021 - I would like to transfer to

**Multi-Disciplinary Team (MDT) Members:**

| | |
|---|---|
| **Multi-Disciplinary Team Chair:** Royse, Robert W. | **Sending Unit CUS/CC:** N/A |
| **Currently Assigned Unit CC:** Alaniz, Christopher G. | **Assigned Unit Supervisor:** Mink, Tanner C. |
| **Intel. And Investigation Representative:** N/A | **Mental Health Representative:** N/A |
| **Custody/Security Representative:** N/A | |
| **Additional MDT Member:** N/A | |
| **BPP Author:** Alaniz, Christopher G. | **BPP Submit Date:** |

**Offender
Signature:** _____      **Date:** _____

☐Offender refused to sign

**Witness
Signature:** _____      **Date:** _____

Sample MDOC Record

## Offender Copy

**Review Type:** Extension  **Review Due No Later Than:** 09/24/2021  **Mandatory Extension Date:** 09/03/2021  **Review Status:** Completed

**Inmate:** COPELAND-FRAIZER, Elijah James (396284) WSP-IMU — IMS / MSG11

Offender Information at time of Review

ERD: **02/12/2022**        RLC: HV        Custody Level: **Close**                Location: **WSP-IMU**

**Extension Review Date:** 09/23/2021                **Initial Placement Date:** 08/03/2021

### Segregation Hearing Attendance:

**Ad Seg Hearing Officer:** Royse, Robert W                **Sending Unit CUS/CC:**

**Currently Assigned Unit CC:**                          **Assigned Unit Supervisor:**

**Custody Security Representative:**

**Was Offender Present at Hearing?**        Yes  ● No

Reason Offender Was Not Present At Hearing:

No New Info To Provide.

### Behaviors:

**Positive/Negative Behavior During Administrative Segregation:**

No Behavioral Issues Noted.

### Information Presented by Others:

☐ No Additional Information Exists        ☐ Witness Information Exist        ☐ Confidential Information Exists

☑ Other Information Exists

Other Information

CFP In-Review At HQ, Referred To Max.

**Information Presented By Offender:**  None

### Expectations During Administrative Segregation Placement

☑ Remain Serious And General Infraction Free        ☑ Review And Comply With Offender Handbook

☑ No Participation In Security Threat Group(STG) Activity        ☑ Maintain Clean Cell

☑ Fully Cooperate With And Be Respectful Towards All Staff        ☑ Maintain Good Personal Hygiene

☑ Attend All Call Outs And Multi-Disciplinary Teams

☐ Other

### Multi-Disciplinary Team (MDT) Recommendations:

Maintain on Administrative Segregation and schedule next review

**Superintendent/Designee:** Sundberg, Steven D

### Extension Review Recommendation Decision

**Review Decision:** Concur with all MDT Recommendations

**Date of Decision:** 09/27/2021                **Superintendent/Designee:** Sundberg, Steven D

### Authorization Review Signature Block:

**Offender Signature:** _____    **Date:** _____

☐ Offender refused to sign

**Witness Signature:** _____    **Date:** _____

Supplemental L.S.C.

6 11

## Placement Referral:  ⊟

**COPELAND-FRAIZER, Elijah James (396284) WSP-IMU — IMS / MSG21**

Offender Information At Time Of Placement

| **ERD:** 12/14/2021 | **RLC:** HV | **Custody Level:** Close | **Location:** WSP-Main |
|---|---|---|---|

Placement Movement

| **\* Initial Placement Date:** | 08/03/2021 | **\* Time:** 08:30 | **\* Initial Placement Status:** | Administrative Segregation |
|---|---|---|---|---|
| **\* Initial Placement Facility:** | WSP-IMU | **\* Initial Placement Living Unit:** IMS | | |
| **\* Pre-Placement Location:** | WSP-Main-UNG | | | |

Placement Details

| **Placement Type:** | **Placement Detail:** |
|---|---|
| Threat to Orderliness of Facility | Offender Disturbance |

Placement Narrative

On 7/30/21 At Approximately 1823 Hours Several Offenders Refused To Lock Up In The Golf Unit East Dayroom After I/M Morfin #302052 Pulled Away From Staff As They Attempted To Put Restraints On Him. All I/I's Involved Are Being Placed In Segregation Pending Investigation.

**Requesting Staff:** Coll, Juan R                    **Authorizing Staff:** Bowman, Bradley C

## Placement Authorization:  ⊟

\* Authorization Narrative:

I Concur With Placement.

◉ Authorize          ○ Deny

| **Authorizing Staff:** | **Serving/Reporting Staff:** | **Superintendent/Designee:** |
|---|---|---|
| Bowman, Bradley C | Wilson, Allen W | Sundberg, Steven D |

| **Ad Seg Staff:** | **Investigating Staff:** | **Investigation Due Date No Later Than:** |
|---|---|---|
| Walker, Kevin S | Bowman, Bradley C | 08/17/2021 |

## Placement Decision:  ⊟

| **Superintendent/Designee:** Sundberg, Steven D | **Date of Decision:** 08/03/2021 |
|---|---|
| **Investigating Staff:** Bowman, Bradley C | **Investigation Due No Later Than** 08/17/2021 |

**Decision Narrative:**

◉ Approve          ○ Deny

## Placement Authorization Signature Block:

**Offender Signature:** _____          **Date:** _____

☐ Offender refused to sign

**Witness Signature:** _____          **Date:** _____

*Supplemental 2.0*

**State of Washington**
**Department of Corrections**

**Custody Score**
**Offender Version**

**Printed By:** Alaniz, Christopher G
**Assigned Counselor:** Alaniz, Christopher G          **Print Date:** 10/04/2021

## Inmate: COPELAND-FRAIZER, Elijah James (396284)

| | | | | |
|---|---|---|---|---|
| Gender: Male | DOB: 03/06/1997 | Age: 24 | Category: Regular Inmate | Body Status: Active Inmate |
| RLC: HV | | | Custody Level: Close | Location: WSP-IMU — IMS / MSG11 |
| ERD: 02/12/2022 | | | | CC/CCO: Alaniz, Christopher G |

### Purpose of Review

| Purpose Of Review | Date Initiated |
|---|---|
| Plan Change | 07/15/2021 |
| Administrative Segregation Intensive Management Unit | 09/16/2021 |
| Re-Entry | 09/16/2021 |

### Custody Score

┌─ Current Custody ─────────────────────────────────────────────

**Current Custody Score:** 2

Maximum

┌─ Infraction Behavior ─────────────────────────────────────────

**Infraction Behavior Score:** 10

┌─ Program Behavior ────────────────────────────────────────────

**Program Behavior Score:** 10

| Month | Year | Points | Non-Award Reason |
|---|---|---|---|
| April | 2021 | 2 | |
| May | 2021 | 2 | |
| June | 2021 | 2 | |
| July | 2021 | 2 | |
| August | 2021 | 2 | |
| September | 2021 | 0 | Offender Segregated |

┌─ Detainers ───────────────────────────────────────────────────

**Detainer Score:** 10

| | Felony | ICE |
|---|---|---|
| Current | No | No |
| Potential | No | No |

┌─ Escape History ──────────────────────────────────────────────

Escape History Score: 15

DOC
Escape Description    Month    Year

Calculated Custody

**Custody Score:** 47
**Calculated Custody:** Medium

## Disciplines

| Discipline | Other Discipline | Staff |
|---|---|---|
| Custody | | Meyers, Hunter T |
| Other | cus | Mink, Tanner C |
| Programming Supervisor | | Sundberg, Steven D |

## Comments/Recommendations

| Submit/Review Date | Name | Comments | Concur |
|---|---|---|---|
| 09/16/2021 | Alaniz, Christopher G | (Offender) I/I was unable to attend FRMT due to COVID Protocols. Email received per Thrasher to forward CFP for MAX referral ASAP. | |
| | | (Counselor) Mr. Copeland-Fraizer was placed in WSP-IMU for a WAC 509 - REFUSE TO PROCEED/DISPERSE AREA, 663 - STRONGARMING/INTIMIDATION, and 734 - UNAUTH GANG/CLUB on 07/30/2021 and was found guilty of all. Since 02/16/2018 he has also received WACs 702, 710, 633, 505, 650, 717, and a 734. He has two prior MAX placements. Since admission to DOC he has completed 15 educational classes and participated in several work assignments. He was terminated form one. 1st-admission to DOC: 02/01/2017. ERD: 02/12/2022. STG: Sureno - member. Two active Keep Separates. No active Prohibited Placements. No holds. Offender is not eligible for GCT restoration due to policy time constrains. Codes: D-2, all others 1. Re-entry: Denied 10 day early release. 35 day notifications for LE and Victim. County of Origin: Yakima. ORP in-effect. No warrants/detainers. RECOMMENDATION: Demote from CLOSE CUSTODY TO MAX CUSTODY and assign to an appropriate facility. | |
| 09/16/2021 | Walker, Kevin S | (FRMT) Retain on Administrative Segregation pending assignment to MAX Custody. Recommend MAX Custody placement as P was found guilty of WAC 509, 663, 734 when he and 14 other individuals affiliated with the same STG refused to return to their cells and began to surround staff. Staff exited the dayroom. A Tactical QRST Team was assembled and he and the others slowly complied with directives to return to their cells. Last serious infraction was on 05/22/19. This is P's third referral for MAX Custody. STG Sureno. GCT pathway not eligible due to ERD. FRMT: CS2 Walker, CUS Coers, Sgt. Meyers, CC3 R. Alaniz, CC3 C. Alaniz, IIU Garner, PsychAssoc. Munoz, RN Alejandre. | Yes |
| 09/17/2021 | Sundberg, Steven D | Retain on AdSeg status pending assignment to MAX. For Assoc. | Yes |
| 09/23/2021 | Pfaff, Ryan A | Copeland-Frazier is recommended for a demotion to Max custody due to his involvement in an incident in which multiple individuals refused staff directives to return to their assigned cells, eventually surrounding staff. Staff were required to exit the dayroom and a QRST was deployed to | Yes |

10/4/2021

Supplemental 2.F

resolve the disturbance. He has multiple prior Max custody placement. Recommendation: Demote to Max custody, retain at WSP-IMU, develop a BPP, complete programing assigned by the case manager and maintain IMU Level 2. Level 2 only recommended due to his involvement in a multiple person disturbance.

| 10/04/2021 | Kaech, Casey M | 09/30/2021 MAX CUSTODY MDT: ATTENDEES: K. Bowen-(Chair) OCML; R. Pfaff-CS4; J. Smith-Project Manager; S. Windsheimer-CBCA; B. Bechler-CC2.; R. Fall-CS4.; L. Fletcher-CS3.; J. Newman-CPM.; C. Kaech- Secretary Senior; B. Fought; T. Mckoy; S. Melton; C. Newton-INV3; K. Oliver; S. Pendergrass; K. Rainer; K. Walker; M. Warfield. Decision: Assign Maximum (MAX) Custody. Remain at Washington State Penitentiary (WSP/IMU). Develop Behavior and Programming Plan (BPP). Obtain and maintain Level 3. Case Manager to refer for appropriate programming. | Yes |

**Assigned Custody**          placed on level board for 3 will

| Calculated Custody: | Assigned Custody: | Override Reason: | Override Narrative: 60-10/6/2021 |
|---|---|---|---|
| Medium | Maximum | Intensive Management Status | Assign Max Custody Due To Safety And Security Concerns. |
| | **Classification Status:** | **Completion Date:** | **Custody Assigned By:** |
| | In-Effect | 10/04/2021 | Casey Kaech, Secretary Senior |

**DOC:** 396284          **Name:** COPELAND-FRAIZER, Elijah James

10/4/2021

# COGNITIVE BEHAVIOR CHANGE

Supplemental 2.G.

This certificate is being awarded to

## Copeland-Fraizer, Elijah James

## 396284

in recognition of completing

## The Cognitive Behavior Change Program

Intensive Management Unit – Washington State Penitentiary

Department of
CORRECTIONS
WASHINGTON STATE

"When the world says, Give up, hope whispers, "Try it one more time.""
~Author Unknown~

Best of luck to you and thank you for participating in the program.

*Aldo Munoz*

IMU N/S Psychology Associate

**11/18/2021**

DATE

# OFFENDER CHANGE PROGRAM

# Corrections' COVID-19 Bulletin

January 24, 2022
Bulletin 113



Department of
**Corrections**
WASHINGTON STATE

## Current status

The Washington State Department of Corrections' (DOC) Prisons and Work Release facilities are currently mirroring the current increase of COVID-19 cases across the state with 20 currently on outbreak status. DOC's priority is the health and safety of staff and everyone in its care and custody and has taken the following measures to mitigate the transmission of COVID-19 and continue maintaining safe and humane correctional environments.

The department has also taken a number of steps to address staffing shortages. You can read about those steps, here.

The Washington State Department of Corrections has a webpage for Frequently Asked Questions, available here. To view DOC COVID-19 related data, click here.

## Numbers at a Glance

### Average Daily Population

- **12,546** December 2021 Total Average Daily Population of Incarcerated Individuals for Prison and Work Release Facilities

### Staff Cases

- Active Staff Cases **744**
- Total Staff Cases To Date **3,351**
- Total Staff Cases Recovered **2,603**

### Incarcerated Cases

- Active Incarcerated Cases **2,587**
- Total Incarcerated Cases To Date **10,250**
- Total Incarcerated Cases Recovered **7,647**

### Isolation & Quarantine

- Incarcerated Individuals in Medical Isolation **1,941**
- Incarcerated Individuals in Quarantine **7,056**

### Vaccination Status

- Incarcerated Individuals vaccinated (at least one dose) **10,207**

### National Comparison

- **19th** out of 50 states for number of positive cases (Data from covidprisonproject.com)
- **21st** out of 50 states for cases as a percentage of the population (Data from covidprisonproject.com)
- **40th** for mortality rate of positive COVID-19 cases out of the 44 states that report mortality rate data (Data from covidprisonproject.com)

*This number includes Corrections Staff, Contract Staff, Office of the Ombuds and Disability Rights Washington who received vaccine doses from DOC and does not include those staff members who were vaccinated elsewhere.*

## Definitions of Interest

### Medical isolation and quarantine among the incarcerated population

- **Medical Isolation**: separating a symptomatic patient with a concern for a communicable disease from other patients.
- **Quarantine**: separating from other individuals those who are not showing symptoms yet have been exposed to an individual with a contagious disease.

### Limited Area Outbreak

  i.   Two or more confirmed cases of COVID-19 in incarcerated individuals occurring within 14 days who reside in the same living area or work release **OR**

ii.    One or more confirmed cases of COVID in an incarcerated individual AND one or more confirmed cases of COVID in staff or volunteers working in proximity to the incarcerated individual case/cases occurring within 14 days.

**Facility Wide Outbreak**

i.    Two or more Limited Area Outbreaks that are connected, occurring simultaneously in the same facility.

## Prison Facilities

**Facility-Wide Outbreak**

### Airway Heights Corrections Center

Incarcerated

- Active incarcerated cases: 491
- Total incarcerated cases to date: 2182

Staff

- Active staff Cases: 85
- Total staff cases to date: 412

### Cedar Creek Corrections Center

Incarcerated

- Active incarcerated cases: 51
- Total incarcerated cases to date: 159

Staff

- Active staff Cases: 16
- Total staff cases to date: 56

### Clallam Bay Corrections Center

Incarcerated

- Active incarcerated cases: 103
- Total incarcerated cases to date: 354

Staff

- Active staff Cases: 42
- Total staff cases to date: 158

### Coyote Ridge Corrections Center

Incarcerated

- Active incarcerated cases: 174
- Total incarcerated cases to date: 625

Staff

- Active staff Cases: 92
- Total staff cases to date: 411

### Mission Creek Corrections Center for Women

Incarcerated

- Active incarcerated cases: 21
- Total incarcerated cases to date: 46

Staff

- Active staff Cases: 8
- Total staff cases to date: 29

### Monroe Correctional Complex

Incarcerated

- Active incarcerated cases: 571
- Total incarcerated cases to date: 1324

Staff

- Active staff Cases: 57
- Total staff cases to date: 371

## Work Release Facilities

**Facility-Wide Outbreak**

### Ahtanum View Work Release

Incarcerated

- Active incarcerated cases: 9
- Total incarcerated cases to date:26

Staff

- Active staff Cases:2
- Total staff cases to date:15

### Bellingham Work Release

Incarcerated

- Active incarcerated cases: 5
- Total incarcerated cases to date: 27
- Due to staffing shortages, breakfast will be served cold, lunch and dinner will continue to be hot.

Staff

- Active staff Cases: 1
- Total staff cases to date: 3

### Bishop Lewis Work Release

Incarcerated

- Active incarcerated cases: 2
- Total incarcerated cases to date: 48

Staff

- Active staff Cases: 3
- Total staff cases to date: 13

### Brownstone Work Release

Incarcerated

- Active incarcerated cases: 2
- Total incarcerated cases to date: 33

Staff

- Active staff Cases: 3
- Total staff cases to date: 9

### Eleanor Chase House Work Release

Incarcerated

- Active incarcerated cases: 0
- Total incarcerated cases to date: 6
- Eleanor Chase House Work Release was removed from Facility Wide Outbreak status January 23, 2022, as is no longer on quarantine.

Staff

- Active staff Cases: 1
- Total staff cases to date: 9

### Olympia Work Release

Incarcerated

- Active incarcerated cases: 2
- Total incarcerated cases to date: 8

Staff

- Active staff Cases: 3
- Total staff cases to date: 9

### Peninsula Work Release

Incarcerated

- Active incarcerated cases: 3

### Olympic Corrections Center

Incarcerated

- Active incarcerated cases: 45
- Total incarcerated cases to date: 129
- All incarcerated individuals who have tested positive are temporarily housed in an alternate housing unit in Clearwater Unit.

Staff

- Active staff Cases: 7
- Total staff cases to date: 52

### Stafford Creek Corrections Center

Incarcerated

- Active incarcerated cases: 71
- Total incarcerated cases to date: 1406
- Meals are taking longer to serve due to a shortage of workers in the food-service department.

Staff

- Active staff Cases: 32
- Total staff cases to date: 243

### Washington Corrections Center

Incarcerated

- Active incarcerated cases: 455
- Total incarcerated cases to date: 1802
- Over the next week, the TC Gym will transition into temporary housing for medical isolation.

Staff

- Active staff Cases: 148
- Total staff cases to date: 379

### Washington Corrections Center for Women

Incarcerated

- Active incarcerated cases: 58
- Total incarcerated cases to date: 162

Staff

- Active staff Cases: 54
- Total staff cases to date: 177

**Limited-Area Outbreak**

**Washington State Penitentiary**
**Adams Unit, Baker Unit, Delta Unit, Health Services IPU,**
**IMU North, Rainier Unit, Unit 6, Unit 8, Victor Unit, William Unit**

Incarcerated

- Active incarcerated cases: 483
- Total incarcerated cases to date: 1504
- One kitchen is supporting facility meals due to incarcerated worker and staffing shortages.
- COVID-19 vaccine clinic is being held for the population this Wednesday, January 26, 2022.
- Staff testing will continue twice weekly

Staff

- Active staff Cases: 106
- Total staff cases to date: 525

Supplemental J.c

- Total incarcerated cases to date: 11

Staff
- Active staff Cases: 1
- Total staff cases to date: 8

## Progress House Work Release

Incarcerated
- Active incarcerated cases: 6
- Total incarcerated cases to date: 49

Staff
- Active staff Cases: 0
- Total staff cases to date: 6

## Reynolds Work Release

Incarcerated
- Active incarcerated cases: 12
- Total incarcerated cases to date: 45
- Testing is provided twice weekly – Monday's and Thursdays

Staff
- Active staff Cases: 3
- Total staff cases to date: 13

## Tri-Cities Work Release

Incarcerated
- Active incarcerated cases: 6
- Total incarcerated cases to date: 10

Staff
- Active staff Cases:3
- Total staff cases to date: 11

## DOC's COVID-19 Response

Visit the COVID-19 Significant Event Timeline, which is published publicly for interested parties and stakeholders to promote and cultivate an environment of integrity and trust, and to foster openness, values which are part of Corrections' mission to improve public safety.

For additional information visit doc.wa.gov/corrections/covid-19/
Manage your Subscription

Supplemental 3.D

# Washington State Penitentiary

## Superintendent's Office

**DATE:**      **January 25, 2021**

**TO:**         **WSP Incarcerated Individuals**

**FROM:**     **Rob Jackson, WSP Superintendent**     *Rob M Jackson*

**SUBJECT:**  **HELSA COVID-19 NOTICE – WSP 01/25/2022**

In compliance with Engrossed Substitute Senate Bill 5115, which is now known as the Health Emergency Labor Standards Act (HELSA), you are officially notified the Department has learned that a staff members in the following areas have tested positive for COVID-19. These are in addition to and different than the areas announced in yesterday's notice. The Department has learned of these results through and serial testing at the facility, and community testing.

- 5 Tower
- Captains Office
- Central Control
- CI Food Service
- EC P&A

- EC R&M
- ICP
- IT
- Perimeter Patrol
- SC CPM Office

- SC R&M
- Transfer Desk
- Unit 8
- WC Shift Office

**The Department has begun mapping and you will be notified if you have been identified as being in close contact, as defined in the Department mapping protocols.** Your health and well-being are of the utmost importance, and we appreciate your cooperation with the process.

Please be sure to follow the Centers for Disease Control (CDC) recommendations to wear your mask routinely and wash your hands often and maintain social distancing.

If you experience any coronavirus/flu-like symptoms – (fever, cough, and shortness of breath) please report your symptoms immediately.

Supplemental 3.e

# Washington State Penitentiary
# IMU South Operational Plan
## STAFF / OFFENDER NOTIFICATION
### (8/2/21 @ 1400 HRS. UNTIL FURTHER NOTICE

*This plan may be altered at any time. Another plan will be issued prior to this plan's expiration.*

*Due to more than two COVID-19 positive individuals in IMU South, the unit has been placed on Quarantine.*

## Deviations to this plan require the
## Authorization of the Incident Commander

### WSP Chains
- Chains will operate as scheduled.

### PPE
- All staff are required to wear appropriate PPE per matrix to include surgical mask, gown, face shield, gloves during all escorted movement.
- Incarcerated individuals will wear surgical mask at all times when at cell front with cuff port open and when out of cell.

### Offender Workers
- MSU workers will be in appropriate PPE per matrix and will use proper disinfectant to clean all areas and equipment.

### Meals
- Served at cell front.

### Education
- No Education will be run during this operational period.

### Health Care
- **Pill line** – Cell front with custody staff present
- **Diabetic services** – Cell front with custody staff present
- **Mental Health** - If an emergency request exists, unit staff will contact MHU.
- **Emergency medical needs** - Assessed by medical personnel, as required.

### Movement
- All movement outside of the unit will be authorized by the Incident Commander.
- ISO individuals – none (except for 1 shower every seven days).
- Quarantine – Per alternating odd/even schedule developed by Unit Manager/Unit Sergeant.

### Showers
- ISO – One shower every 7 days (Sunday). Each shower must be cleaned/sanitized prior/after each use.
- Quarantine – Per alternating odd/even unit schedule.

**Telephone Calls**
- Quarantine - 20 minute phone calls per alternating odd/even unit schedule.
- ISO – Once per week with schedule developed by unit.

**Unit Inspections/Logs**
- Chaplains @ normal.
- Supervisory staff @ a minimum, once every 24 hours.
- Mental Health staff @ normal.
- Medical staff @ normal.

**Laundry**
- As normal. All laundry must be in rice and yellow bags.

**Recreation**
- ISO – None
- Quarantine – Per alternating odd/even schedule developed by Unit Manager/Unit Sergeant. All areas must be sanitized prior/after each use.

**Mail**
- As normal

**JPAY/ KIOSK**
- None

**Property/Clothing Room**
- As normal

**Store Order/Delivery**
- As normal

**Law Library Access**
- Incarcerated Individuals with verifiable deadlines, not already on Priority Scheduling, as per 590.500 may request priority scheduling by submitting form DOC 02-247 to the Law Librarian. Clearance to the Legal Library will be determined on a case-by-case basis by the Law Librarian in coordination with the Incident Commander.

**Video Visiting/Visiting**
- None during this operational plan.

**Classification**
- As needed and approved through the Unit Manger or Unit Sergeant.

**Religious Service**
- Cell front.

**Hearings/Ad Seg and Disciplinary**
- None during this operational period.

Supplemental 3.f

**Telephonic/Video Hearings**

- As arranged through the PIO and Unit Manager. All escorts must be in appropriate PPE.

Approved by: _____
              Incident Commander

Supplemental 3.G

# Washington State Penitentiary

## Superintendent's Office

**DATE:**     July 23, 2021

**TO:**         All WSP Incarcerated Individuals

**FROM:**     Superintendent Holbrook

**SUBJECT:**  COVID-19 Positive Staff Cluster

On Friday, July 23, 2021 Washington State Penitentiary confirmed 14 positive staff COVID-19 cases in the last 14 days. With your health and safety in mind, these positive cases create the need to resume COVID-19 testing for the entire population. The Department of Corrections recognizes the need to stay ahead of another potential outbreak among the population. Please be cooperative and patient with staff as they work to mitigate the outbreak and conduct these tests. Continued use of the appropriate PPEs and maintaining social distancing at all times will go a long way to keep another outbreak at bay.

**COVID-19 Vaccination Record Card**

Supplemental 3.H

Please keep this record card, which includes medical information about the vaccines you have received.

Por favor, guarde esta tarjeta de registro, que incluye información médica sobre las vacunas que ha recibido.

Copeland - Frazier          Elyah
Last Name                    First Name                    MI

03 - 06 - 97                 396284
Date of birth                Patient number (medical record or IIS record number)

| Vaccine | Product Name/Manufacturer Lot Number | Date | Healthcare Professional or Clinic Site |
|---|---|---|---|
| 1st Dose COVID-19 | 052E21A moderna | 08 12 21 mm dd yy | A Alejandre RN |
| 2nd Dose COVID-19 | 045C21A moderna | 09 22 21 mm dd yy | J - Witts RN |
| Other | | mm dd yy | |
| Other | | mm dd yy | |

Supplemental J.1



Department of
**Corrections**
WASHINGTON STATE

**HEALTH SERVICES KITE**

This form must be used to request non-emergency healthcare
services, except in facilities where kiosks or sign-up sheets are used.

*PLEASE PRINT*                          *SUBMISSION OF HEALTH SERVICES REQUEST MAY RESULT IN A CO-PAY*

| LAST NAME | | FIRST NAME | | |
|---|---|---|---|---|
| Copeland-Frazier | | Elijah | | |
| DOC NUMBER | FACILITY | UNIT/CELL | DATE | TIME |
| 396284 | WSP IMU | IMU South Pod3/G11 | 12/12/21 | 6:35 PM |
| JOB/PROGRAM | JOB/PROGRAM HOURS | | DAYS OFF | |
| N/A | N/A | | N/A | |

*If you feel you have an actual medical emergency, alert the staff and do not use this form.*

**TYPE OF REQUEST (check only one box per form)**

☑ MEDICAL          ☐ DENTAL          ☐ MENTAL HEALTH

☐ MEDICATION REFILL – List medication(s) with prescription number(s) or place sticker below

☐ OPTOMETRY          ☐ OTHER: _____

**REASON FOR REQUEST (list problem or medications needing refill)**

Can you please tell me how many active cases were in IMU South on 8/03/21
and how many were in specifically Pod 3 G tier please thank you
- Active COVID19 cases.

*Elijah J. Copeland-Frazier*
PATIENT SIGNATURE

**HEALTH SERVICES RESPONSE/ENCOUNTER**
This form must be filed if any information is entered below except for: simple prescription refills, finance, non-medical
work/bunk change, religious diets, shoes, classification, non-health services issues

☐ Schedule within ____ days/weeks/months     ☐ Next available sick call          ☐ No visit required

I do not know.

Jo Phillips PA-C

RESPONDER signature and stamp (all copies) | DATE and TIME
12/13/2021

Distribution: **WHITE/YELLOW** – Responder, **PINK** – Patient keeps
Distribution upon completion: **WHITE** – Health Record, **YELLOW** – Return to Patient with Response

State law and/or federal regulations prohibit disclosure of this information without the specific written consent of the person to whom it pertains, or as otherwise permitted by law.

DOC 13-423 (03/27/2019)          DOC 610.600   DOC 610.650   DOC 630.500   DOC 630.540          KITES

Supplemental 3.3

# Washington State Penitentiary

## Superintendent's Office

DATE:     January 30, 2022

TO:       WSP Incarcerated Individuals

FROM:     Rob Jackson, WSP Superintendent  *Rob M Jackson*

SUBJECT:  HELSA COVID-19 NOTICE – WSP 01/30/2022

In compliance with Engrossed Substitute Senate Bill 5115, which is now known as the Health Emergency Labor Standards Act (HELSA), you are officially notified the Department has learned that staff members and incarcerated individuals have tested positive for COVID-19 in the following areas. This is in addition to and different than last week's notices. The Department has learned of these results through and serial testing and community testing.

- 3 Tower
- Adams Unit
- Baker Unit
- Chemical Dep.
- Clerical
- EC Education
- Echo Unit
- Fox Unit

- Hospital Watch
- HSB COA
- HSB Entrance Control
- HSB OPC
- IMU South
- Rainier Unit
- SC Clinic

- SC R&M
- SPL
- Unit 6
- Victory Unit
- WC Administration
- WC Food Service
- WC Visiting

**The Department has begun mapping and you will be notified if you have been identified as being in close contact, as defined in the Department mapping protocols.** Your health and well-being are of the utmost importance, and we appreciate your cooperation with the process.

Please be sure to follow the Centers for Disease Control (CDC) recommendations to wear your mask routinely and wash your hands often and maintain social distancing.

If you experience any coronavirus/flu-like symptoms – (fever, cough, and shortness of breath) please report your symptoms immediately.

# Corrections' COVID-19 Bulletin

January 28, 2022
Bulletin 115



Department of
Corrections
WASHINGTON STATE

## Current Status

The Washington State Department of Corrections' (DOC) Prisons and Work Release facilities are currently mirroring the current increase of COVID-19 cases across the state with 19 currently on outbreak status. DOC's priority is the health and safety of staff and everyone in its care and custody and has taken the following measures to mitigate the transmission of COVID-19 and continue maintaining safe and humane correctional environments. The department has also taken a number of steps to address staffing shortages. You can read about those steps, here.

Prison facilities are taking steps to ensure that incarcerated individuals receive regular communications from each facility regarding status changes of the facility and COVID-19. Read more, here.

Each prison and work release facility on outbreak status sends out a weekly status update message, that can be viewed on the department's Significant Events Timeline (SET). You can search for information about a specific facility by visiting the SET, hitting ctrl+f, and typing in the acronym of the facility you are interested in.

## Numbers at a Glance

### Average Daily Population

- **12,546** December 2021 Total Average Daily Population of Incarcerated Individuals for Prison and Work Release Facilities

### Staff Cases

- Active Staff Cases                **728**
- Total Staff Cases To Date          **3,523**
- Total Staff Cases Recovered        **2,791**

### Incarcerated Cases

- Active Incarcerated Cases          **2,612**
- Total Incarcerated Cases To Date   **10,853**
- Total Incarcerated Cases Recovered **8,225**

### Isolation & Quarantine

- Incarcerated Individuals in Medical Isolation   **2,267**
- Incarcerated Individuals in Quarantine          **7,594**

### Vaccination Status

- Incarcerated Individuals vaccinated (at least one dose)   **10,207**

### National Comparison

- **19th** out of 50 states for number of positive cases (Data from covidprisonproject.com)
- **21st** out of 50 states for cases as a percentage of the population (Data from covidprisonproject.com)
- **40th** for mortality rate of positive COVID-19 cases out of the 44 states that report mortality rate data (Data from covidprisonproject.com)

*\*This number includes Corrections Staff, Contract Staff, Office of the Ombuds and Disability Rights Washington who received vaccine doses from DOC and does not include those staff members who were vaccinated elsewhere.*

## Frequently Asked Questions

*Each week, DOC will be responding to top questions received by the Office of the Corrections Ombud. To learn more about this, and to see the full list of this week's questions – visit the webpage, here.*

## Prison Facilities

*Starting January 24, 2022, DOC will be including active cases from the last 14 days rather than confirmed cases in the last 30 days. This is in an effort to provide the most current, relevant information possible in the bulletin. You can still review confirmed cases in the last 30 days, and more data, on our COVID-19 data webpage, available here.*

Supplemental 3.K

**Facility-Wide Outbreak**
**Airway Heights Corrections Center**
Incarcerated
- Active incarcerated cases: 575
- Total incarcerated cases to date: 2,298
- Airway Heights will be adjusting their JPay video connect session times starting Saturday, January 28, 2022.
- Continuing to deliver class materials and assignments to those currently enrolled in education classes.
- Services including notary, e-filings and legal copies will continue to be provided.
- Will be providing two cold meals and one hot meal a day due to critical-staffing levels and lack of incarcerated workers.
- Beginning today MSU C6 Recreation building are additional Alternate Housing Area (AHA) for medical isolation purposes to house covid confirmed positive individuals that are asymptomatic.

Staff
- Active staff Cases: 101
- Total staff cases to date: 446

**Cedar Creek Corrections Center**
Incarcerated
- Active incarcerated cases: 68
- Total incarcerated cases to date: 177
- Alpine Unit, the Visit Room and T-Line have been reopened to temporarily house individuals who have tested positive.

Staff
- Active staff Cases: 16
- Total staff cases to date: 58

**Clallam Bay Corrections Center**
Incarcerated
- Active incarcerated cases: 129
- Total incarcerated cases to date: 380

Staff
- Active staff Cases: 36
- Total staff cases to date: 163

**Coyote Ridge Corrections Center**
Incarcerated
- Active incarcerated cases: 265
- Total incarcerated cases to date: 861
- January 26, 2022, all of MSU was tested again, along with A Unit.
- January 24, 2022, D unit and E unit were approved to come off of quarantine.

Staff
- Active staff Cases: 106
- Total staff cases to date: 443

**Mission Creek Corrections Center for Women**
Incarcerated
- Active incarcerated cases: 22
- Total incarcerated cases to date: 48
- Positive cases have been found in both Mission and Gold Units and those units remain on quarantine.
- Those who have been in close contact with COVID-19 positive individuals are being housed in Bear Unit and tested daily for five days.

Staff
- Active staff Cases: 5
- Total staff cases to date: 30

**Monroe Correctional Complex**
Incarcerated
- Active incarcerated cases: 636
- Total incarcerated cases to date: 1,493
- The Commissary has been experiencing COVID-related disruptions to their services and delivery capabilities, which is subsequently impacting WCC's ability to deliver store orders.

- January 30, 2022, at 5 p.m. MCC will return to staff serial PCR testing at the WSRU Okay Café.

Staff

- Active staff Cases: 61
- Total staff cases to date: 388

## Olympic Corrections Center

Incarcerated

- Active incarcerated cases: 24
- Total incarcerated cases to date: 135
- All incarcerated individuals who have tested positive are temporarily housed in an alternate housing unit in Clearwater Unit.

Staff

- Active staff Cases: 2
- Total staff cases to date: 53

## Stafford Creek Corrections Center

Incarcerated

- Active incarcerated cases: 98
- Total incarcerated cases to date: 1,451
- Meals are taking longer to serve due to a shortage of workers in the food-service department.
- The Gym and Visit Room are open for Alternate Housing. F-South is open.
- Operating by a temporary recreation schedule for yards cohorted by tier.
- All programming is currently closed

Staff

- Active staff Cases: 28
- Total staff cases to date: 254

## Washington Corrections Center

Incarcerated

- Active incarcerated cases: 259
- Total incarcerated cases to date: 1,812
- Due to delays in receiving test results from the lab, WCC has recently transitioned to the use of rapid antigen tests.
- Specific TC workers may continue with work assignments on a case-by-case basis, as approved by medical.

Staff

- Active staff Cases: 99
- Total staff cases to date: 385

## Washington Corrections Center for Women

Incarcerated

- Active incarcerated cases: 42
- Total incarcerated cases to date: 245
- Property schedule has been developed to assist return of property to individuals once cleared by medical to return to units.
- Shower schedules have been established for effected areas.
- Gym, Segregation, RCF and L Unit areas are currently housing medically isolated individuals.
- Commissary orders are delayed due COVID-19 and a shortage of incarcerated workers.

Staff

- Active staff Cases: 47
- Total staff cases to date: 183

**Limited-Area Outbreak**
**Washington State Penitentiary**
**Adams Unit, Baker Unit, Delta Unit, Health Services IPU, IMU North, Rainier Unit, Unit 6, Unit 8, Victor Unit, William Unit**

Incarcerated

- Active incarcerated cases: 480
- Total incarcerated cases to date: 1,504
- One kitchen is supporting facility meals due to incarcerated worker and staffing shortages.
- Fox Unit and half of Echo Unit are not on outbreak status at this time.

Staff
- Active staff Cases: 140
- Total staff cases to date: 563

# Work Release Facilities

**Facility-Wide Outbreak**

### Ahtanum View Work Release
Incarcerated
- Active incarcerated cases: 9
- Total incarcerated cases to date:26

Staff
- Active staff Cases: 7
- Total staff cases to date: 20

### Bellingham Work Release
Incarcerated
- Active incarcerated cases: 2
- Total incarcerated cases to date: 27
- Due to staffing shortages, breakfast will be served cold, lunch and dinner will continue to be hot.

Staff
- Active staff Cases: 0
- Total staff cases to date: 3

### Bishop Lewis Work Release
Incarcerated
- Active incarcerated cases: 2
- Total incarcerated cases to date: 48
- Off Facility Wide Outbreak as of January 27, 2022

Staff
- Active staff Cases: 2
- Total staff cases to date: 13

### Brownstone Work Release
Incarcerated
- Active incarcerated cases: 11
- Total incarcerated cases to date: 34

Staff
- Active staff Cases: 2
- Total staff cases to date: 9

### Olympia Work Release
Incarcerated
- Active incarcerated cases: 1
- Total incarcerated cases to date: 8

Staff
- Active staff Cases: 3
- Total staff cases to date: 9

### Peninsula Work Release
Incarcerated
- Active incarcerated cases: 3
- Total incarcerated cases to date: 11
- All COVID-19 testing has come back negative since January 22, 2022.
- Currently awaiting results for COVID-19 testing done today January 27, 2022.

Staff
- Active staff Cases: 1
- Total staff cases to date: 8

**Progress House Work Release**

Incarcerated

- Active incarcerated cases: 8
- Total incarcerated cases to date: 51

Staff

- Active staff Cases: 0
- Total staff cases to date: 6

**Reynolds Work Release**

Incarcerated

- Active incarcerated cases: 12
- Total incarcerated cases to date: 45
- Testing is provided twice weekly – Monday's and Thursdays

Staff

- Active staff Cases: 1
- Total staff cases to date: 13

**Tri-Cities Work Release**

Incarcerated

- Active incarcerated cases: 4
- Total incarcerated cases to date: 10

Staff

- Active staff Cases: 3
- Total staff cases to date: 12

## DOC's COVID-19 Response

Visit the COVID-19 Significant Event Timeline, which is published publicly for interested parties and stakeholders to promote and cultivate an environment of integrity and trust, and to foster openness, values which are part of Corrections' mission to improve public safety.

For additional information visit doc.wa.gov/corrections/covid-19/

Manage your Subscription



**Department of Corrections**
WASHINGTON STATE

# 90 DAY PROPERTY DISPOSITION
## *DISPOSICION DE PROPIEDED DE 90 DIAS*

Date/*Fecha:* 9/24/21

Orchard-Frazier, E          396284          IMU S Cell

Name/*Nombre*          DOC Number/*Núm. de DOC*          Unit/*Unidad*

| PROPERTY DESCRIPTION/*DESCRIPCION DE LA PROPIEDAD* | | |
|---|---|---|
| 1 DX of Press food | | Served by Hymes |
| | | Served date 9/1/21 |
| | | |
| | | |

The property listed above is being held in the property room awaiting disposition.  Please indicate how you wish to dispose of the property listed above and return this signed form to the Property Officer. If no action is taken within 90 days, the property will be disposed of per DOC 440.000 Personal Property for Offenders.

*La propiedad arriba listada está guardada en el cuarto de propiedad esperando a que se decida su disposición. Por favor Indique en este formulario como quiere que se disponga de la propiedad y devuelva este formulario firmado al Oficial de Propiedad. Si no toma una acción en 90 días, la propiedad será descartada de acuerdo con la política DOC 440.000 Propiedad Personal del Interno.*

### DISPOSE OF MY LISTED PROPERTY AS FOLLOWS/*DISPONGA DE MI PROPIEDAD COMO SIGUE*

☐ Destroy it/*Destrúyala*

☐ Donate to charity/*Dónela a un organismo caritativo* _____
Name of Charity/*Nombre del organismo caritativo*

☐ Send it out at my expense to/*Envíela a expensas mías a:* _____
Include a completed, signed DOC 02-003 Postage Transfer
if you are choosing to send items out. / *Incluya el formulario
de transferencia de correo firmado DOC 02-003 si quiere
enviar los artículos afuera.*

Address          *Dirección*
City/State/Zip Code          *Ciudad/Edo./Código postal*

☐ Union Supply Warranty Return/*Devolución bajo garantía de Union supply*
☐ Visitor Pick-Up (VPU)/*Recogido por un visitante (VPU)*

X Refused          X 10/1/21

Signature/*Firma*          Date/*Fecha*

### THE ABOVE LISTED PROPERTY WAS DISPOSED OF/*SE DISPUSO DE LA PROPIEDAD ARRIBA APUNTADA*

☐ As indicated above/*Como se indicó Anteriormente*          ☐ Other/*Otro*: _____
Explain/*Explique*

_____          _____          _____
Employee/*Empleado*          Signature/*Firma*          Date/*Fecha*

_____          _____          _____
Employee/*Empleado*          Signature/*Firma*          Date/*Fecha*

### ACKNOWLEDGEMENT OF RECEIPT OF PROPERTY/*RECONOCIMENTO DEL RECIBO DE LA PROPIEDAD*

_____          _____          _____
Name/*Nombre*          Signature of person receiving property          Date/*Fecha*
          *Firma de la persona que recibe la propiedad*

The contents of this document may be eligible for public disclosure.  Social Security Numbers are considered confidential information and will be redacted in the event of such a request.  This form is governed by Executive Order 16-01, RCW 42.56, and RCW 40.14.  Upon completion, the data classification category may change.

*La información en este documento puede calificar para la revelación pública.  Los números de Seguro Social son confidenciales y serán eliminados en caso de tal petición.  Este formulario queda gobernado por la Orden Ejecutiva 16-01, RCW 42.56 y RCW 40.14. Después de finalizado, la categoría de clasificación de datos puede cambiar.*

WSP 440.000
**OPERATIONAL**
**MEMORANDUM**
PERSONAL PROPERTY FOR OFFENDERS
**a. Employees will attempt to identify ownership of consumable items when removing property from a multiple man cell without the offender being present.**
**1) Unopened hygiene items will be stored with the offender's property.**
**2) Food items will be boxed separately. The outside of the box will be marked "food items" and include the offender's name and DOC number.**
**a) If the offender does not return to the unit within 30 days, perishable (i.e., consumable) items will be sent to the Property Room.**
**· b) The Property Room will send DOC 21-139 90 Day Property Disposition to the offender and appropriately dispose of the consumable items. Consumables will not be sent to Long Term Storage.**

Supplemental 1.A

| LOG I.D. NUMBER: | |
|---|---|

**Department of**
**Corrections**
WASHINGTON STATE

**COMPLAINT FORM**

**CHECK ONE:**  ☐ Initial  ☑ Emergency  ☐ Appeal  ☐ Rewrite

| NAME: Last | First | Middle | DOC number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Copeland-Frazier | Elijah | James | 376284 | WSP | IMU/South Pod 3 G/11 |

WHO (names) or WHAT (policy, procedure, or practice) are you grieving? — Legal Supplies
Tanner/ IMU South/Christopher/ — Ongoing Denied — DOC Policyes $ Protocols
Mink CUS Unit Manager / Alaniz CC3 / — Access to the Courts, Law Library.

| LOCATION of incident grieved | DATE of incident | TIME of incident |
|---|---|---|
| IMU South Pod 3 / G-11 | 12/17/21 | 7:45 AM |

WITNESS names and DOC numbers (if relevant):

SHORT DESCRIPTION of what happened and how it affected you (ONE issue per grievance):
- I have Made Multiple requests to Access the Courts and Legal Law Library also to review DOC Policies $ Protocols and recieve legal Supplies to the following individuals and their direct lower ranking administration and officers. All of My requests have been responded or forwarded to the Law Library West Complex when I Specify individuals name and IMU South. I am being told in order to recieve Legal Supplies $ Law Library I have to have a priority Access Court Case in Motion Pending. This is an ongoing Problem I am being told I can not recieve protocol or policies by DOC. Tanner Mink is shirking to due his duties to ensure justice and protection of My Constitutional right of access to the courts and legal supplies impeding Me to proceed further W/ith Civil litigation. I believe this is an ████ intimidation tactic violating My 14th Amendment Due Process, by imposing Cruel and unusual punishment upon Me Violating My 8th Amendment. This is further contributing to the traumatic experionce I am being forced to undergo.

SUGGESTED REMEDY: This be process to the top and I be granted My immediate Law Constitutional right to access the Courts and DOC Policies $ Protocols/ Legal supplies/Library.

MANDATORY SIGNATURE: *Elijah J. Copeland-Frazier*  Date: 12/17/21

| GRIEVANCE COORDINATOR'S RESPONSE: | Facility/Office Received | Date Received |
|---|---|---|
| | WSP | 12/20 |

☐ Formal grievance/appeal paperwork being prepared
☐ Informally resolved
☐ You didn't attend callout
☐ Administratively withdrawn

☐ Rewrite (see below)
• Return in 5 working days or by___
☐ No rewrite received
☐ You requested to withdraw

☐ Sent to:
• Date sent:
• Date received:
☐ Not grievable
☐ Not acceptable

**Comments:**
Dear Complainant, after a careful review of the Emergency Resolution Request you submitted on 12/17/21 has been conducted. Please note this does not meet the criteria of an emergency grievance as defined on page 7 of the offender grievance program manual and will be processed as a routine grievance. Possible disciplinary action for declaring false emergencies.

| Coordinator (print) RS2 J. Adams | Coordinator (signature) *J Adams* | Date 12/17/21 |
|---|---|---|

Supplemental 4.b

| | LOG I.D. NUMBER: | 2174 4732 |
|---|---|---|
| Department of **Corrections** WASHINGTON STATE | | **COMPLAINT FORM** |

**CHECK ONE:** ☐ Initial  ☑ Emergency  ☐ Appeal  ☐ Rewrite

| NAME: Last | First | Middle | DOC number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Copeland-Frazier | Elijah | James | 396284 | WSP | 1 IMU South Pod 3 G/11 |

WHO (names) or WHAT (policy, procedure, or practice) are you grieving? — Legal Supplies
Tanner/IMU south/Christopher/ ⎤ ongoing Denied              — DOC Policyes & protocols
Mink CUS unit Manager / Alaniz CC3 ⎦ - Access to the Courts, Law Library

| LOCATION of incident grieved | DATE of incident | TIME of incident |
|---|---|---|
| IMU South Pod 3 / G-11 | 12/17/21 | 7:45 AM |

WITNESS names and DOC numbers (if relevant):

SHORT DESCRIPTION of what happened and how it affected you (ONE issue per grievance):
-I have made Multiple requests to Access the Courts and Legal Law Library also
to review DOC Policies & Protocols and recieve legal Supplies to the following
individuals and their direct lower ranking administration and officers. All of my
requests have been responded or forwarded to the Law Library West Complex when I
Specify individuals name and IMU South. I am being told in order to recieve Legal
Supplies & Law Library I have to have a priority Access Court Case in Motion
Pending. This is an ongoing problem I am being told I can not recieve protocol or policies
by DOC. Tanner Mink is omitting to due his duties to ensure justice and protection of
My constitutional right of access to the courts and legal Supplies impeding me to pro-
ceed further With civil litigation. I believe this is an ▨ intimidation tactic Violating my
14th Amendment Due Process, by imposing cruel and unusual punishment upon me
Violating my 8th Amendment. This is further contributing to the tramatic experiance I am
being forced to undergo.

SUGGESTED REMEDY: This be process to the top and I be granted my immediate Law
constitutional right to access the Courts and DOC Policies & Protocols/legal Supplies/Library.

MANDATORY SIGNATURE: *Elijah J. Copeland-Frazier*   Date: 12/17/21

**GRIEVANCE COORDINATOR'S RESPONSE:**

| | Facility/Office Received | Date Received |
|---|---|---|
| | WSP | 12/20/21 |

This complaint does not meet the criteria of an emergent resolution and will be filed through regular resolution process.
**LEGAL MATERIALS:** (per IMU unit handbook)
• Electronic Legal Library (ELL): Requests to access the ELL ~~should~~ MUST be submitted to the Correctional Unit Supervisor (CUS) Unit Manager via institutional kite. Priority access to ELL ~~may~~ will be granted once upon the receipt of approved form DOC 02-247 sent to us by the, Law Library staff. Priority Access requests that Screening, has have been completed **and approved. MUST** be sent to WSP Law Library, mailbox W-41, NOT to IMU South staff.
• Legal Copies: Legal copies conforming to policy will should be requested through your IMU Counselor via institutional kite. Ensure all of your paperwork is in order and ready to be copied, when the request is made. All needed required forms (photo copy~~photocopy~~ waiver, disbursement, postage, etc.) **will MUST** be complete prior to requesting legal copies.
• Legal Scanning to USDC: Submit a kite to the Law Library W-41
• Legal Forms: all legal forms can be requested by submitting a kite to the Law Library. Mailbox W-41
• Extra Paper: Extra paper may be requested through the ~~your~~ IMU Counselor for pending legal work, if eligible due to priority access. Offenders Incarcerated individuals are required to contact their counselor and complete form DOC 02-247, Law Library Priority Access Screening, to have their court or legal actions verified to bein order to able to receive extra paper for legal proceedings. Once approved, all extra paper will be requested through the unit supply cart on first shift.
**LAW LIBRARY ASSISTANCE:** Law library assistance may be provided by a Law Librarian at IMU. For those requesting this service, submit a kite to the Law Librarian, mailbox W-41

| Coordinator (print) | Coordinator (signature) | Date |
|---|---|---|
| RS2 J. Adams | *J Adams* | 12/20/21 |

Supplemental 4.C

**Department of**
**Corrections**
WASHINGTON STATE

**LOG I.D. NUMBER:**

**COMPLAINT FORM**

**CHECK ONE:** ☐ Initial  ☑ Emergency  ☐ Appeal  ☐ Rewrite

| NAME: Last | First | Middle | DOC number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Copeland-Frazier | Elijah | James | 396284 | WSP | IMU South Pod 3 G/11 |

WHO (names) or WHAT (policy, procedure, or practice) are you grieving? — Legal Supplies
Tanner/ IMU South/ Christopher/ — Ongoing Denied              — DOC Policies & Protocols
Mink cus unit manager / Alaniz cc3 / — Access to the Courts, Law Library

| LOCATION of incident grieved | DATE of incident | TIME of incident |
|---|---|---|
| IMU South Pod 3 / G-11 | 12/17/21 | 7:45 AM |

WITNESS names and DOC numbers (if relevant):

SHORT DESCRIPTION of what happened and how it affected you (ONE issue per grievance):
—I have made multiple requests to Access the Courts and Legal Law Library also
to review DOC Policies & Protocols and recieve legal supplies to the following
individuals and their direct lower ranking administration and officers. All of my
requests have been responded or forwarded to the Law Library West Complex when I
specify individuals name and IMU South. I am being told in order to recieve Legal
Supplies & Law Library I have to have a priority Access Court case in Motion
Pending. This is an ongoing problem I am being told I can not recieve protocol or policies
by DOC. Tanner Mink is omitting to due his duties to ensure justice and protection of
my constitutional right of access to the courts and legal supplies impeding me to pro-
ceed further With Civil litigation. I believe this is an ███ intimidation tactic Violating my
14th Amendment Due Process, by imposing cruel and unusual punishment upon me
Violating my 8th Amendment. This is further contributing to the tramatic experince I am
being forced to undergo.

SUGGESTED REMEDY: This be process to the top and I be granted my immediate     Law
Constitutional right to access the Courts and DOC Policies & Protocols/ Legal Supplies/ Library.

| MANDATORY SIGNATURE: Elijah J. Copeland-Frazier | Date: 12/17/21 |
|---|---|

| **GRIEVANCE COORDINATOR'S RESPONSE:** | **Facility/Office Received** | **Date Received** |
|---|---|---|

☐ Formal grievance/appeal paperwork being prepared          ☐ Rewrite (see below)          ☐ Sent to:
☐ Informally resolved          • Return in 5 working days          • Date sent:
☐ You didn't attend callout          or by          • Date received:
☐ Administratively withdrawn          ☐ No rewrite received          ☐ Not grievable
          ☐ You requested to withdraw          ☐ Not acceptable

**Comments:**
Dear Complainant, after a careful review of the Emergency Resolution
Request you submitted on 12/17/21 has been conducted. Please note this
does not meet the criteria of an emergency grievance as defined on page 7
of the offender grievance program manual and will be processed as a
routine grievance. Possible disciplinary action for declaring false
emergencies.

| Coordinator (print) RS2 J. Adams | Coordinator (signature) J. Adams | Date 12/17/21 |
|---|---|---|

Supplemental 1.D



STATE OF WASHINGTON
**DEPARTMENT OF CORRECTIONS**
P.O. Box 41118 • Olympia, Washington 98504-1101

January 25, 2022

Elijah J. Copeland-Fraizer, DOC #396284
WSP-Main – UNF / FW2112
Washington State Penitentiary
1313 N 13th Ave
Walla Walla, WA 99362

Dear Elijah J. Copeland-Fraizer:

The Department is in receipt of your public records request dated and received in this office on January 14, 2022. For future reference, this request has been logged in and assigned tracking number, P-25455.

I interpret your request to be for the following records:

1. Regarding evidence case number 221275, Infraction Group number 12, on September 2, 2021 at 1350, from Washington State Penitentiary (WSP): all records including, but not limited to all written staff and inmate supplemental reports, email, and video
2. Regarding evidence case number 221275, on July 30, 2021, in the Golf East Dayroom, all evidence written, video, audio, electronic email, and cellular messaging, in direct correlation to this incident from all DOC staff members directly involved in this incident during and prior to the Quick Response Strike Team assembly, deployment, and disbursement
3. All prior staff communications regarding the Security Threat Group (STG), Surenos, from January 1, 2021 through July 30, 2021 who were incarcerated within the confinement of WSP

   Please note, clarification is needed for item #3. A public records request is for existing, specifically identifiable records maintained by the WA Department of Corrections; therefore, please identify exactly what is being requested for "all staff communications" regarding STG, Surenos. Upon receipt of clarification, I will proceed accordingly.

4. All DOC Policies on how staff handle STG situations

   Please note, a public records request is for existing, specifically identifiable records maintained by the WA Department of Corrections; therefore, I interpret your request to be for the following:

   - All policies containing a reference to Security Threat Groups

5. All email sent to or from July 30, 2021 through October 1, 2021 sent by the following DOC employees:

*"Working Together for SAFER Communities"*

 recycled paper

Supplemental

a. Christopher G. Alaniz
b. Tanner C. Mink
c. Steven D. Sundberg
d. Gary Pierce
e. Sergeant Lugo Gilberto

    Please note, regarding item #5e, I am unable to locate an employee/former employee by
    the name of Lugo Gilberto or Lugo Gulberto. Upon receipt of clarification, I will proceed
    accordingly.

f. Kevin S. Walker
g. Bradley C. Bowman
h. Timothy M. Thrasher

If what I have interpreted of your request is incorrect, please notify me as soon as possible at the address
below. Otherwise, only the records responsive to what is stated above will be identified and gathered.

Department staff are currently identifying and gathering records, if any, responsive to your request. After
any records have been gathered, you will be provided with a letter of cost and the instructions for making
payment. We anticipate being able to provide you an installment of records within 63 business days, on or
before April 26, 2022. If you have any questions in the interim, please contact me.

Sincerely,

H. Cody

Heather Cody, Public Records Specialist
Public Records Unit
Department of Corrections
PO Box 41118
Olympia WA 98504-1118

hc:P-25455 file



STATE OF WASHINGTON
**DEPARTMENT OF CORRECTIONS**
P.O. Box 41118 • Olympia, Washington 98504-1101

December 21, 2021

Elijah Copeland-Fraizer, DOC #396284
IMS / MSG11
Washington State Penitentiary
1313 North 13th Avenue
Walla Walla, WA 99362

Dear Elijah Copeland-Fraizer:

Your request for records was received on December 20, 2021. This request has been assigned public records tracking number P-25009. Please reference that number in any future correspondence regarding this request.

You write to request disclosure of the following records:

1. A copy of policy protocol for WAC 509
2. A copy of policy protocol for WAC 652
3. A copy of policy protocol for WAC 734
4. A copy of policy protocol for WAC 663
5. A copy of a memorandum sent out statewide regarding how infraction sanctions are to be handled during COVID 19 pandemic
6. A copy of policy protocol for transferring and individual to IMU and transferring an individual under investigation to IMU who has no knowledge of transfer

If my interpretation of this request is incorrect please notify me at the address listed below, otherwise department staff are in the process of identifying and gathering records responsive to your request. We anticipate being able to provide you an installment of records within 63 business days, on or before March 24, 2022.

Sincerely,
*Lora Bronson*
Lora Bronson
Public Records Specialist
Department of Corrections | Public Records Unit
P.O. Box 41118 | Olympia, WA 98504-1118

LB: P-25009

*"Working Together for SAFER Communities"*

recycled paper

Department of
**Corrections**
WASHINGTON STATE

DEC 09 2021

**LAW LIBRARY REQUEST FOR PRIORITY ACCESS**

WSP LAW LIBRARY

To receive consideration, this request must indicate an exceptional need regarding actions related to your **sentence, confinement, civil rights, and/or child dependency** and **must be completed in its entirety**. Use a separate form for each case. Failure to do so may result in the inability to process your request.

COPY

12/7/21
Date

Elijah J. Copeland-Frazier
Requestor name

396284
DOC number

WSP/IMU South/Pod 3/G/11
Facility

IMU South Pod 3 G11
Housing unit

**Identify the deadline date for which you are seeking priority access:** _____None_____
This must be within 45 days of this request. If there is a letter, court order, or other document relating to the deadline you may attach a copy to assist in verifying the deadline.

Case type:  ☐ Sentence   ☐ Confinement   ☒ Civil rights   ☐ Child dependency

Court in which you have the deadline: _____None_____

Case, cause, or docket number: _____None_____

Identify which rule or statute imposes the deadline: _____None_____

Comments:
You are telling Me, I have to fill this form out to recieve any type of legal supplies in IMU pertaining to My civil lawsuit I am prepping for. Must want to be able to recieve Legal Supplies

☐ Approved   ☒ Denied

Reason: If you do not have a deadline this form is not applicable to you. Contact the Unit Manager for supplies

☐ Separatees checked (if applicable)

Elijah J Copeland-Fraz
Requestor signature

12/7/21
Date

Venetta Jackson
Law Librarian/designee name

Venetta Jackson
Signature

12-9-21
Date

The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 00-03, RCW 42.56, and RCW 40.14.

Distribution: **ORIGINAL** - Law Library   **COPY** - Incarcerated individual

DOC 02-247 (Rev. 11/05/20)                    Page 1 of 1                    DOC 590.500

Supplemental 4.H

Department of
**Corrections**
WASHINGTON STATE

**KITE**

| Name (print)/*Nombre (letra de molde)* | Date/*Fecha* |
|---|---|
| Elijah J. Copeland-Frazier | 12/10/21 |

| DOC number/*Número DOC* | Facility/unit/cell / *Instalación/unidad/celda* |
|---|---|
| 316734 | WSP/IMU South/Pod 3|G-11 |

Request interview with or answer from/*Solicita entrevista o respuesta de*
Counselor                    C.A.

**Reason/Question** ☐ Interpreter needed for _____ (language)
**Razón/Pregunta** ☐ *Necesito intérprete para* _____ *(idioma)*

Can you please send me DOC Policy protocol for how
staff handles WAC-509 and Multi inmate refusal to
disperse or lockdown.

2) Can you please send me a Manilla legal envelope

Please Thank You!

| Signature/*Firma* | Days off/*Días libres* |
|---|---|
| Elijah J. Copeland-Frazier | |

**Response/*Respuesta***

1) No, we do not provide
printed policies.
You may request the
electronic legal library and
research policy.

2) Only for legal reasons. Do you
have legal mail to send out
or is this for the public disclosure, you can

| Responder/*Persona que responde* | Date/*Fecha* |
|---|---|
| CC3            CA. | 12/13/2_ |

The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 16-01, RCW 42.56, and RCW 40.14.

Distribution:   **WHITE** - Responder   **CANARY** - Return response   **PINK** - Requestor
*Distribución:   AMARILLA - Persona responde   BLANCA - Persona responde   ROSA - Solicitante*
DOC 21-473ES (Rev. 8/4/20)                    DOC 390,585, DOC 450.500

use a normal envelope.